LAWRENCE CASEY *vs.* JOHN KING & another.
SAME *vs.* SAME.

It is no defence to an action on the Gen. Sts. *c.* 137, for possession of a tenement, that both plaintiff and defendant were in joint occupation of it as tenants at will when the plaintiff obtained a written lease of it and brought the action; nor that, after obtaining such a lease and before bringing his action, he vacated the premises, leaving the defendant in exclusive possession thereof.

It is no cause for abatement of an action on the Gen. Sts. *c.* 137, by the lessee of a tenement against a tenant by sufferance, that the leasehold estate of the plaintiff has expired while the action is pending.

Two ACTIONS on the Gen. Sts. *c.* 137, to recover possession of a shop on Front Street in Gloucester, tried, on appeal, in the superior court, before *Ames,* C. J.

At the trial of the first action it appeared that the plaintiff and the defendants were in joint occupation of the premises, each claiming the right of exclusive possession as tenant at will of the owner, and denying the other's right, when the plaintiff procured from the owner a written lease of the premises for the term of three months, and then brought this action on December 15, 1866, after giving the defendants notice to quit. After a verdict for the plaintiff, the defendants alleged exceptions to the refusal of the judge to rule at the trial that the fact of the joint occupation of the premises by the parties at the time of the lease was a bar to the action.

At the trial of the second action, in which the writ was dated March 23, 1867, it appeared that at that date the former action was pending, but the written lease had expired; and that, when

it expired, the plaintiff procured from the owner of the premises another written lease, for the further term of a year, and, after giving to the defendants notice thereof and to quit, brought the action, but first vacated the premises himself, leaving the defendants in exclusive possession. The defendants asked the judge to rule that " on the above facts the action could not be maintained, for that at the time it was brought another action by the plaintiff against said defendants was pending for recovery of the same premises ; " but he refused so to rule. A verdict was returned for the plaintiff; and the defendants alleged exceptions to this refusal.

*W. D. Northend*, for the defendants.

*S. B. Ives, Jr.*, for the plaintiff.

FOSTER, J. 1. The defendants were tenants at will to the owner of the estate. By the written lease to the plaintiff this tenancy at will was terminated, and they thereupon became tenants by sufferance to the lessee for years. It is common learning that a lease for a period of less than a year is to be ranked among leases for years. Co. Lit. 52 *b*. 4 Kent Com. (6th ed.) 85. After notice of the alienation and reasonable opportunity to remove from the premises, the defendants became liable to this statute process. *Pratt* v. *Farrar*, 10 Allen, 519.

2. The first of the two actions cannot be abated because the 'easehold estate of the plaintiff under the first lease has terminated during its pendency. He is still entitled to costs and to a judgment which will enable him to avail himself of any recognizance which may have been taken to secure intervening rent upon an appeal from the magistrate before whom this process was commenced. *Coburn* v. *Palmer*, 10 Cush. 274. *Blish* v. *Harlow*, 15 Gray, 316. *King* v. *Lawson, ante*, 309. The circumstance that both parties were in joint occupation of the premises, each claiming to be a tenant at will under the owner of the estate, did not impair the operation of the written lease. Its effect was nevertheless to make the plaintiff a lessee for years and the defendants tenants by sufferance to him. No other relation of landlord and tenant is necessary to maintain this process than such a tenancy by sufferance as these facts created.

3. The second action was instituted after the termination of the first written lease and the commencement of the term for years created by the second. It was resorted to because no judgment for possession could be obtained in the first action after the termination of the first lease. The fact that the plaintiff gave up the premises and left the defendants in possession constitutes no defence to this action. The plaintiff is entitled in it to judgment for possession.

*Exceptions overruled in both cases; in the second with double costs.*