## WILLIAM E. HOOTON *vs.* CLEVELAND B. HOLT.

Middlesex. Nov. 12. — Feb. 27, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

A notice from A. to B., a tenant at sufferance, to quit, dated January 30, 1883, after reciting that a lease had been given to A. for the term of one year from January 29, 1883, notified B. to vacate the premises "within two days from the above date." *Held*, that the notice was sufficient.

If an action is brought, under the Pub. Sts. *c.* 175, against a tenant at sufferance, after a notice to quit has been given, and before the tenant has had a reasonable time to remove, this does not render the notice incompetent in evidence, but is a matter to be shown in defence.

A verbal agreement by the owner of land that A. may remain in possession during life, without paying rent, constitutes A. a tenant at will; and his tenancy is terminated by the execution of a written lease of the land by the owner to a third person.

It is no cause for the abatement of an action on the Pub. Sts. *c.* 175, by the lessee of a tenement against a tenant at sufferance, that, pending the action, the estate of the plaintiff has ceased in consequence of the foreclosure of a mortgage, and the purchaser has brought an action against the tenant, which is pending.

ACTION on the Pub. Sts. *c.* 175, to recover possession of certain premises in Reading. Writ dated February 2, 1883. Trial in the Superior Court, before *Rockwell,* J., who allowed a bill of exceptions, in substance as follows:

The judge admitted in evidence a deed of conveyance of the premises from one Rollins to Mary L. Brooks, dated and recorded June 18, 1878; a deed of mortgage thereof from Brooks to one Gowen, dated and recorded June 21, 1878; a lease of the premises for one year from Brooks to the plaintiff, dated January 30, 1883; and a deed of conveyance of the premises by Gowen, under foreclosure proceedings and sale, to one Buck, dated August 9, and recorded August 10, 1883.

The plaintiff offered in evidence a paper, given by him to the defendant, signed by the plaintiff, dated January 30, 1883, describing the premises, notifying the defendant that said Brooks had executed and delivered to the plaintiff. a written lease thereof "for the term of one-year from January 29, 1883," and requesting the defendant to vacate them within two days "from the above date," otherwise the plaintiff would eject him without further notice. The defendant objected to this as an insufficient notice; but the judge admitted it in evidence.

The plaintiff then offered as a witness Edward S. Brooks, the husband of said Mary L., to show that said Rollins was in possession at the time of the execution of his deed to her, and that the defendant was in possession at the date of said lease and writ. On cross-examination of the witness, the defendant offered to prove that, when Rollins made the deed to Mary L. Brooks, it was orally agreed between them and the defendant, and the deed was delivered on the condition that the defendant, who had owned and lived in the house and occupied the premises from 1828 to 1878, and since 1878 to the time of the trial, and was eighty-four years old and feeble in health, should retain the possession without charge, payment of rent, interest, or taxes during his life; that the premises were worth more than the mortgage debt; that Mary L. Brooks was a daughter of a niece of the defendant, and was to have possession upon the defendant's decease; and that in pursuance of said agreement the defendant had occupied and retained possession, and had not paid any rent, taxes, or interest. To this evidence the plaintiff objected, and the judge excluded it.

It also appeared in evidence, that Buck, on January 16, 1884, began an action against this defendant in the District Court to recover possession of the same premises, which was duly entered and is now pending; that on March 24, 1884, a supplemental answer was filed in the present action, setting forth that such action was pending, and praying that the present suit be abated. The judge declined to abate the writ.

The judge directed the jury to return a verdict for the plaintiff; and the defendant alleged exceptions.

*A. V. Lynde*, for the defendant.

*J. G. Holt & E. T. Swift*, for the plaintiff.

C. ALLEN, J. 1. The first exception is to the admission of the notice in evidence. As the defendant appears to have been a tenant at sufferance, no particular form of notice was required, and a notice calling for immediate possession would be sufficient. If an action is brought without allowing time enough to remove, that does not show that the notice to quit is incompetent in evidence, but is a matter to be shown in defence.

2. The evidence offered by the defendant, which was excluded, as we understand the bill of exceptions, was merely the evidence

of a verbal agreement, under which the defendant was to have a right to remain in possession of the premises during life, without charge. This agreement, if proved, would only show that the defendant was a tenant at will under the plaintiff's grantor at the beginning of said grantor's ownership, and such tenancy was determined by the execution of the lease to the plaintiff, and the defendant thereupon became a tenant at sufferance. This evidence, therefore, would not help the defendant.

We do not understand from the bill of exceptions, or from the briefs upon which the case has been submitted by counsel, that evidence was excluded to show the age, condition of health, and length of occupancy of the defendant; but the statement in respect to these matters is a statement of facts which appeared in the case, and was introduced to explain, or confirm, or give point to the offered evidence of the oral agreement above referred to. No question of law appears to be open, arising out of the existence of these circumstances.

3. The action is not defeated by the foreclosure of the mortgage and the sale to Buck. *Casey* v. *King*, 98 Mass. 503.

*Exceptions overruled.*