*Northern District*

## DAVID BERGER

**v.**

## ANGIER CORPORATION

(September 8, 1952)

ENO, J. This is an action of contract by which the plaintiff seeks to recover the sum of $2500 for *rent under a written lease* in the usual form, dated November 3, 1950, for the term of one year beginning December 4, 1950.

The defendant, besides generally denying the plaintiff's allegations, claimed several defenses, all of which were waived, except the one claiming an eviction from the leased premises.

At the time the lease was executed, the demised premises were occupied by the Dennison Manufacturing Company, as a tenant at will of the plaintiff. On November 15, 1950 this tenant paid its rent for the month ending December 15, 1950.

On December 27, 1950 a Mr. Thiel, Vice-President and Treasurer of defendant company, wrote to the plaintiff that they could not use the premises until they were protected by insurance for water damage and that the insurance company was unable to issue a policy thereon, that he (the plaintiff) had failed to put the premises into condition for use and had failed to deliver possession as agreed and concluded "We hereby cancel the lease agreement."

[22]

Other evidence in the report related to certain leaks in, and repairs to the roof. The defendant has waived these defenses.

The trial judge made a lengthy finding of facts, in which he summarized the testimony of the witnesses and found the following facts:

"On all the evidence, I find that the premises were occupied in part on December 8th by the Dennison Co.

On all the evidence, I find no misrepresentation as to the condition of the roof or that the lease was conditional upon the defendant being able to secure insurance protection. The subject was not considered serious until

I rule that the lease by Berger to the defendant terminated the tenancy at will of the Dennison Co. who had previously occupied the space in question, and I deny defendant's requests numbered 1, 2, 3, and 4, together with defendant's requests numbered 5, 6, 10, and 11, as I find no eviction of the defendant took place. the great storm of December 8th. Considerable reliance can be put on the testimony of Freeman, who kept a daily record of things happening at the plant, and, therefore, deny defendant's request numbered 7.

I am of the opinion that the defendant has not established its special defenses referred to in my findings as 1, 2, 3, and 4, and, therefore, deny defendant's requests numbered 8 and 9.

I find the plaintiff is entitled to recover for the full amount of his declaration; namely, 9 months at $250.00, the sum of $2250.00 less the sum of $55.00 received by the plaintiff from the Dennison Co. for the period December 4, 1950 to December 15, 1950, a net sum of $2195.00, with interest from the date of the writ."

The defendant's requests which may be interpreted as raising the question of an eviction, and to the denial of which defendant claims to be aggrieved are as follows:

"1. On all the evidence, there is evidence warranting a finding that a previous tenant of the plaintiff was still holding over under a valid tenancy the premises described in the plaintiff's declaration.

[23]

2. If at the time of the beginning of the tenancy of the defendant under the terms of the lease plaintiff has voluntarily suffered a previous tenant to remain in possession for a part of said term, said action constitutes an eviction of the defendant.

3. There is an immediate breach of an implied covenant of quiet enjoyment where the plaintiff has allowed a previous tenant to continue to occupy as a tenant at will.

4. Where the defendant was not able to occupy the leased premises because of the occupancy of a previous tenant with the consent of the plaintiff, there is a breach of the lease on the part of the plaintiff.

5. The eviction of a tenant either by a landlord or by one holding under him is a bar to the recovery of rent.

6. If the plaintiff has prevented the tenant from occupying under the lease because of a collateral renting to a tenant already holding under a tenancy at will continuing through part of the term under which the premises were leased to the defendant, the defendant can void the lease at his option.

10. On all the evidence, the defendant was evicted from the premises leased by the plaintiff.

11. On all the evidence, there is a breach of the implied covenants of quiet enjoyment."

We think that the trial judge correctly ruled that there was no eviction and that there was no error in the denial of the defendant's requests.

A lease by the plaintiff terminated the tenancy at will, *Pratt* v. *Farrar,* 10 Allen 519; *Lash* v. *Ames,* 171 Mass. 487; *Snider* v. *Deban,* 249 Mass. 59. *Farris* v. *Hershfield,* 325 Mass. 176, 178; *Baker, Inc.* v. *Shea Dry Cleaners, Inc.,* 322 Mass. 311, 313; *Peteros* v. *Peteros,* 1952 A. S. 249, 254.

The defendant could have terminated the tenancy at will by giving the tenant a reasonable notice to vacate, *Hooten* v. *Holt,* 139 Mass. 54. We are of the opinion that the mere acceptance of rent for a period extending

[24]

beyond the beginning of the lease is not sufficient to warrant a finding of eviction.

There being no prejudicial error in the denial of the defendant's requests for rulings the report is to be dismissed.

For Plaintiff: Victor Galvani.

For Defendant: Norman H. Hussey.