BALDEV SINGH *vs*. 207-211 MAIN STREET, LLC. No. 09-P-2325. November 30, 2010. *Mortgage,* Real estate, Foreclosure. *Real Property,* Mortgage, Right of entry. *Summary Process.*

This is a dispute over the ownership of property located at 207-211 Main Street in Northampton. This property includes six residential units and two commercial units. The plaintiff, Baldev Singh, purchased the property in 1974, and he lived in one of the residential units there. In 2000, he borrowed funds from Florence Savings Bank, secured by a mortgage on the property and an assignment of rents. In 2004, Singh defaulted on his mortgage, and, according to an affidavit filed by the defendant, owes well over $1 million on the underlying note.

After acquiring the rights to the mortgage and an assignment of rents, the defendant, 207-211 Main Street, LLC (LLC), took possession of the property and recorded a certificate of entry on February 17, 2005. Singh continued to live there without paying any rent. In 2009, a Superior Court judge ruled on summary judgment that the LLC had completed foreclosure by entry of the property pursuant to G. L. c. 244, §§ 1 and 2.[1] On appeal, Singh argues that an unsuccessful Housing Court eviction action brought by the LLC during the three-year statutory period interrupted the LLC's "peaceable" possession of the property and required the LLC to file a new certificate of entry (which it never did). We disagree and affirm.

Singh does not dispute that he defaulted on his loan and that he has not made any loan (or rent) payments since 2004. Nor does he contest that the LLC lawfully took possession of the property in 2005 with the intent to foreclose. He also admits that the LLC, on February 17, 2005, properly recorded a certificate of entry at the Hampshire County registry of deeds in accordance with G. L. c. 244, § 2. Further, Singh acknowledges that since the LLC made entry, it has remained in possession, maintained and insured the property, paid the real estate taxes and utilities, collected rents and negotiated leases, and made necessary improvements so the property would comply with the applicable building and health codes.

---

[1]Section 1 of G. L. c. 244 permits a mortgagee, after a breach of the mortgage, to "recover possession of the land mortgaged by an open and peaceable entry thereon, if not opposed by the mortgagor or other person claiming it, . . . and possession so obtained, if continued peaceably for three years from the date of recording of the memorandum or certificate as provided in section two, shall forever foreclose the right of redemption." Section 2 requires that where entry under § 1 is made without a judgment, a memorandum or certificate be recorded in the registry of deeds for the foreclosure by entry to be effective.

After it took possession of the property, the LLC attempted to negotiate a rental agreement with Singh. When these efforts proved unsuccessful, the LLC, in May of 2005, brought a summary process action in Housing Court seeking to evict Singh for nonpayment of rent. A Housing Court judge ruled that a summary process action did not yet lie, because the three-year waiting period for a foreclosure by entry had not run. See *Dayton* v. *Brannelly*, 255 Mass. 551, 552 (1926). The LLC did not appeal that judgment, but instead brought a new summary process action three years after the first. Singh defaulted in the second summary process action, but brought a motion to remove the default. He argued that the foreclosure by entry had never been completed due to the initial summary process action that, he asserted, interrupted the three-year requirement for peaceable entry. A Housing Court judge ruled that she lacked any subject matter jurisdiction to determine whether the initial summary process action required a new filing of the certificate for foreclosure by entry and a new running of the three-year time requirement. The judge then denied Singh's motion on the grounds that he did not have a meritorious defense because the requirements of the foreclosure statute had been met. A judgment entered and Singh did not appeal.

On February 6, 2009, Singh filed this complaint in the Superior Court seeking an injunction to block his eviction and seeking a declaratory judgment that the LLC's foreclosure was invalid. After a Superior Court judge denied his request for a preliminary injunction, Singh was evicted from the property. On September 23, 2009, a Superior Court judge granted summary judgment to the LLC, holding that the foreclosure by entry process had been completed and that Singh's right of redemption had been extinguished. Singh appealed.

Singh concedes, as he must, that the fact that he continued to occupy a unit of the property did not prevent the LLC from gaining full title through the foreclosure by entry process. See *Cunningham* v. *Davis*, 175 Mass. 213, 222 (1900) (after the entry to foreclose the mortgagor and those claiming under him became tenants at sufferance of the mortgagee, and, in the absence of any evidence of an adverse holding, they are assumed to hold under him, and their possession is his, during the three years, until the completion of the foreclosure). He nevertheless argues that the unsuccessful 2005 summary process action interrupted the LLC's "peaceable" possession. Further, because G. L. c. 244, § 1, requires that there be three years of peaceable possession "from the date of recording of the memorandum or certificate," Singh contends that the LLC needed to restart the clock by recording a second certificate of entry after the 2005 summary process litigation concluded.

"[A]n entry is peaceable if not opposed by the mortgagor or person claiming the premises." *Thompson* v. *Kenyon*, 100 Mass. 108, 111 (1868). Once a peaceable entry has been made, "[i]t may be assumed in the absence of anything to the contrary that [the mortgagee's] possession was sufficiently peaceful to satisfy the . . . statute." *Worcester* v. *Bennett*, 310 Mass. 400, 404 (1941). See *Joyner* v. *Lenox Sav. Bank*, 322 Mass. 46, 53-57 (1947) (no waiver of entry to foreclose where mortgagee in possession acted consistently with intent to foreclose). If the mortgagor wants to challenge a foreclosure by entry, it is incumbent on him to do so before the three-year period has elapsed. See *Bennett* v. *Conant*, 10 Cush. 163, 166-167 (1852) (where mortgagor failed to "occupy or do acts of ownership," there was no interruption of peaceable possession).

Singh does not dispute that the LLC has continuously possessed the property

since it made peaceable entry, and he has never challenged the LLC's superior right of possession. Indeed, Singh concedes that the foreclosure process would now be complete if the LLC had not brought its ill-fated 2005 summary process action. We are unconvinced by Singh's argument that the 2005 action interrupted the foreclosure process and required the filing of a new certificate of entry. The Housing Court judge's ruling that the 2005 summary process action was premature did not address the parties' respective rights in the foreclosure proceeding. Instead, the summary process action went merely to whether — before the foreclosure proceeding had run its full course — the LLC could evict Singh as a tenant at sufferance who refused to pay any rent. Because the summary process action did not implicate the LLC's right to foreclose on the mortgage, or to continue to possess the property until the three-year waiting period had run, we conclude that the LLC's possession remained "peaceable" within the meaning of the statute.[2] It follows, a fortiori, that the LLC did not need to file a new certificate of entry. The Superior Court judge therefore correctly ruled that Singh's right of redemption has now been extinguished and that the LLC has acquired full title to the property.

*Judgment affirmed.*

*Thomas P. Vincent* for the plaintiff.
*Steven Weiss* for the defendant.

---

[2]Contrast *Araserv, Inc.* v. *Bay State Harness Horse Racing and Breeding Assn., Inc.,* 437 F. Supp. 1083, 1093-1094 (D. Mass. 1977) (possession not peaceable and unopposed where mortgagor "ousted" the mortgagee by locking it out).

