Kirkman, J.
After a nonjudicial foreclosure by sale of the O’Connors’ property on Nantucket, Santander Bank, NA (“Santander”) brought a summary process action seeking possession.[2] The O’Connors answered and demanded a jury trial. The trial was held on June 5,2013. The O’Connors did not appear at the trial, but their attorney was present. Santander called two witnesses who were vigorously cross-examined by the O’Connors’ attorney. After Santander rested, the trial judge allowed the O’Connors’ motion for a directed verdict because:
(1) Santander failed to introduce into evidence any “notice to vacate” the premises or proof of service thereof;
(2) Santander failed to introduce evidence of “full compliance” with G.L.c. 244, §14; and
(3) Santander failed to introduce into evidence a “notice to cure or failure to cure after loan modifications were entered into subsequent to [Santander’s] original notice.”
The trial court issued a written order granting the defendants’ motion for a directed verdict on June 12, 2013, and judgment entered on August 22, 2013. On August 30, 2013, Santander moved for a new trial, pursuant to Rule 59(a) of the Massachusetts Rules of Civil Procedure, challenging the trial court’s reasons for a directed verdict. The court denied the motion after hearing. Santander now appeals. We reverse the trial court’s decision and return the case back for a new trial.[3]
*186 The three defects that the trial court found in Santander’s evidence, essentially raise the question of whether the evidence, construed most favorably to the plaintiff, could not support a verdict for the plaintiff. Poirer v. Town of Plymouth, 374 Mass. 206, 212 (1978). The more precise question is whether the trial court erred in ruling, as a matter of law, that certain notices or other statutory compliance was found wanting after the plaintiff rested.
In answering this question, the overarching principle is that a plaintiff in a postforeclo-sure summary process case may make a prima facie showing of its right to possession by producing an attested copy of the recorded foreclosure deed and affidavit of sale under G.L.c. 244, §15. Federal Nat'l Mtge. Ass’n v. Hendricks, 463 Mass. 635, 637 (2012) (Hendricks). Nevertheless, a defendant in such an action may challenge legal title and require that the plaintiff’s acquisition of the subject property strictly complied with the power of sale in the mortgage. Id. at 642; Bank of N.Y. v. Bailey, 460 Mass. 327, 332-334 (2011). See U.S. Bank Nat'l Ass’n v. Schumacher, 467 Mass. 421, 432-433 (2014) (Gants, J., concurring) (Schumacher) (any violation of statutes relating to foreclosure by exercise of power of sale will void foreclosure sale).
1. Failure to introduce evidence of notice to quit. At trial, Santander offered no proof of service of any notice to quit in this case. Counsel for Santander argued that one was attached to the summary process complaint that was filed with the court, so it is automatically admitted into evidence. There is no authority for a court simply to put documents into evidence without, at least, a request by the proponent of the evidence. Santander changes its theory for purposes of this appeal and now argues that no notice is required — presumably, even the one attached to the complaint. Santander essentially argues that §1 of G.L.c. 239, specifically limits the requirement of a notice to quit to those who occupy premises as tenants rather than as one holding after foreclosure on a power of sale.[4] The O’Connors counter that Uniform Summary Process Rule 2 requires that a notice to quit must be introduced at trial in order to prove that the action is properly before the court[5]
*187 After a foreclosure, the mortgagor becomes a tenant at sufferance of the mortgagee. Cunningham v. Davis, 175 Mass. 213, 222 (1900); Singh v. 207-211 Main St., LLC, 78 Mass. App. Ct. 901, 902 (2010). See Deutsche Bank Nat'l Trust Co. v. Gabriel, 81 Mass. App. Ct. 564, 571 (2012). At common law, a tenant at sufferance is entitled to no notice of the termination of that status before the landlord moves against him to obtain possession. Kinsley v. Ames, 2 Met 29, 31 (1840). See Hooton v. Holt, 139 Mass. 54, 55 (1885); Kelly v. Waite, 12 Met. 300, 302 (1847) (“By a former statute, (St. 1825, c. 89, §4,) it was provided that tenants at sufferance, as well as tenants at will, should have notice to quit But this was altered by Rev. Sts. c. 60, §26, limiting the right of notice to tenants at will only.”). Cf. Rubin v. Prescott, 362 Mass. 281, 284 (1972) (tenant at sufferance, a wrongful possessor, not entitled to any notice of termination before landlord’s action for possession).
The summary process rule relied on by the O’Connors clearly limits the filing of a notice as a prerequisite to the action as one “required by law" (emphasis added). Rule 2 (d) (2) of the Uniform Summary Process Rules. The O’Connors point to no provision of law requiring such a notice. See G.L.c. 186, §§11-13A, 17. Moreover, as Santander points out, §1 of G.L.c. 239 malíes no reference to a notice to quit for a mortgagor retaining possession after foreclosure. Cf. G.L.c. 186, §13A.
Nevertheless, the O’Connors are entitled to some form of notice of the intent to secure possession of the premises prior to the commencement of a summary process action to allow them enough time to vacate. Hooton, supra at 55.[6]
Proof of service of a notice to quit, then, is not part of the plaintiffs prima facie case. Hendricks, supra at 637. Rather, the failure to prove service of a notice of the foreclosing party’s intent to secure possession creates a possible defense to immediate recovery of possession. Hooton, supra at 55. See also Bank of Am. v. Rosa, 466 Mass. 613, 617-619 (2013) (Rosa); Lash v. Ames, 171 Mass. 487, 490 (1898). The trial court erred by directing a verdict because of Santander’s failure to prove service of a notice to quit.
2. Failure of full compliance with G.L.c. 244, §14. As suggested above, in order to make a prima facie case for possession of foreclosed-upon property by nonjudicial sale, there must be proof of compliance with the notice provisions of G.L.c. 244, §14.[7] *188 Hendricks, supra 637. Section 15 of G.Lc. 244, provides the mechanism for proof of compliance with §14, by requiring an affidavit of the sale of the foreclosed property to be recorded in the locad registry of deeds. The statute requires that the affidavit must describe the particular acts of the affiant. And “[i]f the affidavit shows that the requirements of the power of sale and of the statute have in all respects been complied with, the affidavit or a certified copy of the record thereof, shall be admitted as evidence that the power of sale was duly executed.” G.L.c. 244, §15. The form of the affidavit required by G.L.c. 244, §15, is satisfied by the statutory form set out in the Appendix to G.L.c. 183 (Form 12).[8] Hendricks, supra at 642.
In the present case, Santander introduced an affidavit of sale that mirrors the statutory form.[9] Nevertheless, the O’Connors challenged the form at trial and argue on *189 this appeal that the affidavit “was unsworn.” The argument has no merit. The affiant clearly made an oath before a notary as stated on the face of the document.
The O’Connors also claim that the affidavit was originally submitted into evidence de bene and was “never authenticated, or re-offered by Plaintiff.” That statement does not accurately reflect the record.
The O’Connors’ attorney cross-examined the affiant with respect to her actions and knowledge concerning her attested statements in the affidavit. While the trial judge originally accepted the affidavit de bene, he ultimately stated that he would let the jury decide the veracity of the affidavit in view of the affiant’s testimony and denied the defendants’ request to strike the affidavit. The trial judge was correct in that ruling, but not in entering a judgment that took the issue away from the jury. As previously stated, a plaintiff in a postforeclosure summary process case may make a prima facie showing of its right to possession by simply producing an attested copy of the recorded foreclosure deed and the affidavit of sale. Id. at 637. That was done here (albeit, very awkwardly) . It was up to the jury to decide the sufficiency of the affidavit in view of the affianf s testimony. Based on the record, the trial court erred in directing a verdict on this issue.
3. Failure to introduce into evidence notice to cure or evidence of defendants’ failure to cure after loan modifications were entered into subsequent to Santander’s original notice. The trial record shows that on May 6,2009, Santander sent notice to the defendants of their default on the mortgage and gave them ninety days to cure as required by G.L.c. 244, §35A. The notice was accepted into evidence. The defendants did not cure, but after the ninety days had passed, they entered into three loan modification agreements with the bank in which payments that were due were capitalized, that is, added onto the principal balance. A bank employee agreed that according to “system records,” the O’Connors were “current on the loan obligation” as of March 1,2011, but that could be due to the capitalization of the debt, rather than any payments by the defendants. Based on this evidence, the trial court directed a verdict against Santander, because it failed to offer proof of a right to cure notice, pursuant to G.L.c. 244, §35A, subsequent to the loan modification agreements that the parties entered into. In Schumacher, the Supreme Judicial Court held that G.L.c. 244, §35A, “is not one of the statutes ‘relating to the foreclosure of mortgages by the exercise of a power of sale.’” Id. at 431, quoting G.Lc. 183, §21. Thus, it is not part of a plaintiff’s prima facie case in summary process. Nevertheless, *190 a defendant may still defeat the summary process claim by proving that the violation of §35A, “rendered the foreclosure so fundamentally unfair that she is entitled to affirmative equitable relief, specifically the setting aside of the foreclosure sale ‘for reasons other than failure to comply strictly with the power of sale provided in the mortgage.’” Id. at 433 (Gants, J., concurring), quoting Rosa, supra at 624. See Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 501 (2014).
The present case is precisely the kind of case a jury should hear and rule on. By directing the verdict against the plaintiff, the trial court made its own determination on lack of credible evidence supporting the plaintiffs claim. Thus, the trial court erred in directing a verdict on this issue. See Scott v. Boston Hous. Auth., 56 Mass. App. Ct. 287, 295 (2002) (“Evidence no better than the plaintiffs say-so is an extraordinarily weak basis for taking the case to the fact finder, but it is evidence and, if credited, might carry the day. The plaintiffs evidence at this stage tends to be viewed with considerable tolerance.”).
In sum, on all three issues raised on the motion for a directed verdict and reviewed in the motion for a new trial, for the foregoing reasons, the trial court erred in terminating the case at the close of the plaintiffs evidence. The judgment is, therefore, set aside, and this case is returned back to the Nantucket District Court for a new trial.
So ordered.

 The O’Connors had originally borrowed from Nantucket Bank, a division of Sovereign Bank, that later was bought by Santander.

 It should be noted that the major decisions cited in this opinion were decided after the trial of this matter. In the wake of the housing crisis that has created significant legal pressures and a “new formalism” in response to those pressures, it is too much to expect our time constrained trial court judges to foresee and apply future appellate *186 decisions. See Davidson, New Formalism in the Aftermath of the Housing Crisis, 93 B.U. L. Rev. 389 (2013).

 Section 1 of G.L.c. 239, states in relevant part:
If a forcible entry into land or tenements has been made, if a peaceable entry has been made and the possession is unlawfully held by force, if the lessee of land or tenements or a person holding under him holds possession without right after the determination of a lease by its own limitation or by notice to quit or otherwise, or if a mortgage of land has been foreclosed by a sale under a power therein contained or otherwise, or if a person has acquired title to land or tenements by purchase, and the seller or any person holding under him refuses to surrender possession thereof to the buyer, or if a tax title has been foreclosed by decree of the land court, or if a purchaser, under a written agreement to purchase, is in possession of land or tenements beyond the date of the agreement without taking title to said land as called for by said agreement, the person entitled to the land or tenements may recover possession thereof under this chapter.

 Uniform Summary Process Rule 2(d) provides in part:
*187 Summary process actions shall be entered by filing with the clerk of the court in which the action is to be heard the following documents:
(1) The original of the properly completed form of Summary Process Complaint and Summons, a copy of which has been served on the defendant, with return of service recorded thereon;
(2) a copy of any applicable notice (s) of termination of the defendant’s tenancy of the premises upon which the plaintiff(s) relies where such notice is required by law and any proof of delivery of such notice upon which the plaintiff(s) plans to rely at trial.

 In a foreclosure by sale, as alleged here, the notice of the sale as required by G.L.c. 244, §§14 and 15, is enough notice of an intent to secure possession of the premises.

 General Laws c. 244, §14, provides that “no sale under [the power of sale in a mortgage] shall be effectual to foreclose a mortgage, unless, previous to such sale, [1] notice of the sale has been published once in each of 3 successive weeks, the first publication of which shall not be less than 21 days before the day of sale, in a newspa *188 per published in the city or town where the land lies or in a newspaper with general circulation in the city or town where the land lies and [2] notice of the sale has been sent by registered mail to the owner or owners of record of the equity of redemption as of 30 days prior to the date of sale, said notice to be mailed by registered mail at least 14 days prior to the date of sale to said owner or owners... and unless [3] a copy of said notice of sale has been sent by registered mail to all persons of record as of 30 days prior to the date of sale holding an interest in the property junior to the mortgage being foreclosed, said notice to be mailed at least 14 days prior to the date of sale to each such person.”

 Form 12 provides as follows:
_named in the foregoing deed, make oath and say that the principal _interest_obligation_mentioned in the mortgage above referred to was not paid or tendered or performed when due or prior to the sale, and that I published on the_day of_,19_in the_, a newspaper published or by its title page purporting to be published in_ aforesaid and having a circulation therein, a notice of which the following is a true copy. (INSERT ADVERTISEMENT)
Pursuant to said notice at the time and place therein appointed, I sold the mortgaged premises at_public auction by_, an auctioneer, to_, above named, for_dollars, bid by him, being the highest bid made therefor at said auction.
Sworn to by the said_19_, before me_.

 The affidavit reads:
I, Zona V. Tanner-Butler, Senior Retail District Executive of Nantucket Bank, a division of Sovereign Bank, NA, named in the foregoing deed, make oath and say that the principal and interest obligations mentioned in the mortgage above referred to were not paid or tendered, or performed when due or prior to the sale, and that I caused to be published on March 15, March 22, and March 29, 2012 in the Inquirer and Mirror, a newspaper *189 published in Nantucket, Massachusetts, having a general circulation in Nantucket, a notice of which the following is a true copy:
SEE ATTACHED EXIHIBIT A - LEGAL ADVERTISEMENT
I also complied with Chapter 244, Section 14 of the Massachusetts General Laws, as amended, by mailing the required notices by certified or registered mail, return receipt requested.
Pursuant to said notice, at the time and place appointed, Nantucket Bank, a division of Sovereign Bank, NA, sold the mortgaged premises at public auction by Thomas A. George, a licensed auctioneer, to Nantucket Bank, a division of Sovereign Bank, NA for Eight Hundred and Seventy-five Thousand Dollars ($875,000.00), being the highest bid made therefor at said auction.
[The document then contains a signature and jurat].