Pierce, J.
The issue on this appeal is whether, in a postforeclosure summary process action, the trial court was warranted in excluding from evidence an affidavit of sale in the form prescribed by G.L.c. 183, §8 and Appendix Form 12 and directing a verdict in favor of the former property owner.
For the reasons set forth below, we conclude that the affidavit of sale should have been admitted into evidence and, therefore, that a directed verdict was not warranted. Accordingly, we vacate the judgment and return the case for a new trial.
The defendant, Stephen M. Gilbert (“Gilbert”), lives at 75 West Elm Street, Hopldnton, Massachusetts. In January, 2006, Gilbert executed a promissory note in the amount of $370,000.00 in favor of American Mortgage Network, Inc. (“AMN”) and a mortgage on the property at 75 West Elm in favor of Mortgage Electronic Registration Systems, Inc. (“MERS”), a nominee for AMN, to secure the loan.
In relevant part, paragraph 22 of the mortgage provides:
Acceleration; Remedies: Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument.... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration.
If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower. ... Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law.
In April, 2006, AMN notified Gilbert that the servicing of his loan and the right to collect payments was being transferred to Washington Mutual Bank (“WMB”). In 2007, Gilbert stopped making payments on the loan. On September 17, 2007, an attorney at the Harmon Law Offices, P.C. (“Harmon”), acting on behalf of WMB, *25 wrote to Gilbert stating that the firm had been engaged to foreclose on the mortgage. On the same day, Harmon filed an action to foreclose in the Land Court. A foreclosure sale was scheduled for July 17, 2008. On July 15, 2008, Gilbert filed for bankruptcy and the foreclosure sale was cancelled.
In September, 2008, WMB failed and the Federal Deposit Insurance Corporation (“FDIC”) was appointed receiver. Later in September, the FDIC transferred all of the assets of WMB to J.P. Morgan Chase Bank, N.B. (“Chase”). In January, 2009, Chase sought and received relief from the automatic stay in Gilbert’s bankruptcy proceeding.
In January, 2010, Harmon, acting on behalf of Chase, sent Gilbert a notice of foreclosure sale, which was then published for three successive weeks in the Metro West Daily News. The foreclosure sale took place on February 4,2010. Chase submitted the highest bid, then assigned it to the plaintiff, Federal National Mortgage Association (“FNMA”) and, by deed, transferred the property to FNMA That deed was recorded on March 10,2010. On March 25,2010, FNMA served Gilbert with a seventy-two hour notice to quit and vacate premises. On March 29,2010, Gilbert was served with a summary process summons and complaint seeking possession of the property and use and occupancy from March 29, in an amount to be determined at trial.
In August, 2010, Gilbert filed an action in the Middlesex Superior Court against FNMA, Harmon, Chase, and WMB alleging that the foreclosure was unlawful because WMB and Chase, the parties that initiated and executed the foreclosure, did not own the mortgage. Gilbert also alleged that FNMA held the mortgage from the start of foreclosure proceedings and that WMB, Chase, and Harmon knew that WMB and Chase were not authorized to foreclose. In an order dated March 31, 2011, the Superior Court allowed the defendants’ motions to dismiss pursuant to Mass. R. Civ. P., Rule 12(b) (6), for failing to state a claim. The court found that “the exhibits to the complaint demonstrate a chain of title to the mortgage that is consistent with the right of defendants to conduct the mortgage sale and the representations made in connection therewith.” On April 10, 2012, the Massachusetts Appeals Court issued an unpublished Rule 1:28 order affirming the judgment.
Atrial of the summary process action was conducted on December 9,2011. Prior to the introduction of evidence, counsel for Gilbert advised the court that his client intended to defend the case on the ground that FNMA had not complied with the statutory power of sale under the mortgage. FNMA’s first witness was Francis Nolan (“Nolan”), an attorney at Harmon and one of two attorneys at that firm with supervisory responsibility for the firm’s foreclosure work. The first exhibit offered at trial, without objection by Gilbert, was the notice of mortgage foreclosure sale dated January 7, 2010. FNMA then sought to introduce the original affidavit of David Arnold (“Arnold”), a vice president at Chase, attesting to the sale of the property to Chase and the assignment to FNMA (“affidavit of sale”). The affidavit was in the form specified by G.L.c. 183, §8 and Appendix Form (12) for an “Affidavit of Sale Under Power of Sale in Mortgage.” Attached to the affidavit of sale was the notice of mortgagee’s sale published in the Metro West Daily News on January 13,20, and 27, 2010.
Gilbert objected to the affidavit of sale being admitted into evidence on hearsay grounds. FNMA responded that since the affidavit was in the statutory form, it was “sufficient” pursuant to G.L.c. 183, §8 and should be admitted. The objection was *26 sustained, and the affidavit of sale was excluded.
Next, the trial court allowed into evidence, over Gilbert’s objection, the foreclosure deed, signed by Margaret Dalton (“Dalton”), a vice president at Chase, showing that the property was transferred to FNMA and an incumbency certificate attesting to Dalton’s authority to act on behalf of Chase. Again over Gilbert’s objection, FNMA introduced the seventy-two hour notice to quit and vacate premises served on Gilbert on March 24, 2010. During the cross-examination of Nolan, Gilbert introduced a certified copy of the mortgage.
Next, FNMA called Gilbert as a witness. Gilbert admitted that he stopped mating mortgage payments after being diagnosed with cancer in 2007. He also admitted receiving the January 7, 2010 notice of foreclosure sale and the seventy-two hour notice to quit and that he was present in the house during the sale by auction on February 4,2010. At the conclusion of Gilbert’s testimony, his attorney reserved the right to recall Gilbert during his case. The final witness called by FNMA was a real estate broker who offered his opinion regarding the rental value of Gilbert’s home.
At the close of FNMA’s case, Gilbert moved for a directed verdict on the ground that FNMA had not introduced evidence regarding compliance with paragraph 22 of the mortgage. In particular, Gilbert argued that he had not been advised regarding his right to reinstatement after acceleration, and that FNMA had not issued a notice of default and an opportunity to cure. The court took Gilbert’s motion under advisement and the trial proceeded.
In his case, Gilbert recalled Attorney Nolan. On direct examination, Nolan testified that the first correspondence sent to Gilbert in 2007 was a notice of acceleration. On cross-examination of Nolan, FNMA introduced a memorandum of sale and power of attorney from the sale of the property on February 4, 2010, and a second incumbency certificate attesting to the authority of the individual exercising the power of sale to execute deeds, assignments, affidavits, and any documents relating to foreclosures undertaken by Chase. Following Nolan’s testimony, Gilbert’s counsel advised the court that Gilbert would not be recalled as a witness. With that, Gilbert renewed his motion for a directed verdict.
In a comprehensive, reasoned order dated May 18,2012, the trial court found that FNMA had not complied with the notice requirements of paragraph 22 of the mortgage. In particular, the court found that letters sent to Gilbert did not specify the nature of the default; a date by which the default must be cured; and that a failure to cure would result in acceleration of the full amount owed, and, ultimately, in the lender exercising its statutory power of sale. Accordingly, defendant’s motion for a directed verdict was allowed.[1]
*27 On this appeal, we consider first whether the trial court properly excluded the affidavit of sale from evidence and, second, whether it was error to allow Gilbert’s directed verdict motion.
On September 6, 2012, three months after the notice of appeal was filed in this case, the Supreme Judicial Court issued its opinion in Federal Nat’l Mtge. Ass’n v. Hendricks, 463 Mass. 635 (2012). That case, which the trial court did not have the benefit of considering prior to issuing its order, bears heavily on the outcome of this appeal. The issue in Hendricks was “whether an uncontroverted affidavit attesting to the statutory form ‘Affidavit of Sale under Power of Sale in Mortgage,’ G.L.c. 183, §8, and Appendix Form 12 (statutory form), is sufficient to show compliance with the power of sale for the purpose of establishing the right of possession by motion for summary judgment in a summary process action.” Id. at 635-636. Referring to “long-standing jurisprudence that has treated affidavits of sale as nonconclusive proof of compliance with the statute authorizing foreclosure by power of sale in the mortgage,” id. at 641, the Court answered that question in the affirmative. Id. at 642.
In this case, as in Hendricks, Gilbert argues that FNMA did not offer evidence upon which a finder of fact could conclude that FNMA complied with the requirements of the power of sale. Gilbert admits he received proper notice of the foreclosure sale and does not allege any failure to comply with the notice requirements of G.L.c. 244, §14 regarding publication. We find, as did the Hendricks Court, “that in a summary process action a foreclosure deed and statutory form constitute prima facie evidence of the right of possession.” Hendricks, supra at 642. Hendricks reminds us, “If the legislature intended affidavits of sale to be as detail laden as G.L.c. 244, §15, and its predecessors require, then there would be no reason whatsoever even to create the statutory form.” Id. at 640.
This conclusion does not preclude a challenge to FNMA’s right of possession. “Where that challenge is focused on an affidavit of sale that is defective on its face, a defendant needs no other evidence. ...” Id. at 642. The question for us is whether there was a defect on the face of the affidavit of sale that would render it inadmissible at trial. The affidavit was executed by Arnold, a vice president at Chase, who, according to the accompanying incumbency certificate, was authorized to sign on behalf of the bank. The affidavit is in the form prescribed by G.L.C. 183 and recites the three successive weeks of notice specified by G.L.c. 244, §14. We see no defect on the face of the affidavit and conclude that it should have been admitted, pursuant to G.L.c. 244, §15, “as evidence that the power of sale was duly executed.”
Turning to the second issue, we review a directed verdict to determine “whether anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be made in favor of the nonmovant.” T. Butera Auburn, LLC v. Williams, 83 Mass. App. Ct. 496, 501 (2013), quoting O’Brien v. Pearson, 449 Mass. 377, 383 (2007). Having determined that the affidavit of sale should have been admitted into evidence, we conclude that together with the foreclosure deed, FNMA did make a prima facie showing of its right to possession of the property and that the motion to direct a verdict was improperly allowed.
Accordingly, the judgment for the defendant is vacated, the allowance of the *28 defendant’s motion for a directed verdict is reversed, and this case is returned to the Framingham District Court for a new trial.[2]
So ordered.

 On December 13,2011, four days after the trial was completed, FNMA moved to reopen the evidence for the purpose of introducing a July 19,2007 letter from WMB to Gilbert, which FNMA contends constitutes notice of default. A hearing on that motion was conducted December 22, 2011. In its May 18, 2012 order, the trial court denied FNMA’s motion. “The decision whether ‘to admit additional evidence after a party has rested lies in the sound discretion of the trial judge.’” Weber v. Coast to Coast Med., Inc., 83 Mass. App. Ct. 478, 481 (2013), quoting Jones v. Vappi & Co., 28 Mass. App. Ct. 77, 83 (1989). Here, there was no abuse of discretion.

 FNMA also contends that Gilbert should be precluded from alleging that FNMA failed to comply with the notice of default and right to cure provisions contained in paragraph 22 of the mortgage because those contentions could have been, but were not raised, in the defendant’s Superior Court action. We disagree. In the Superior Court action, Gilbert alleged that the foreclosure was unlawful because WMB and Chase did not hold the mortgage when the foreclosure was initiated. In dismissing the case for failure to state a claim, the Superior Court judge found that “the exhibits to the complaint demonstrate a chain of title to the mortgage that is consistent with the right of defendants to conduct the mortgage sale.” The doctrine of claim of preclusion “operates where there is ‘(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.’” Ajemian v. Yahoo!, 83 Mass. App. Ct. 565, 572 (2013), quoting Daluz v. Department of Correction, 434 Mass. 40, 45 (2001). Compliance with the terms of the mortgage was not an issue in the Superior Court action. Because the judge found that Gilbert failed to state a claim regarding the plaintiff’s standing to sue, he did not reach the merits of other issues. Because the Superior Court dismissed the action for failing to state a claim, this Division cannot find that claims relating to compliance with the terms of the mortgage could have been adjudicated in that action.