Ostrach, J.
The defendant, Asa J. Hubner (“Hubner”), appeals from a trial judge’s decision in a summary process case awarding the plaintiff, Federal National Mortgage Association (“Fannie Mae”), possession of property in Nantucket. The primary issue raised by this appeal, the application of G.L.c. 244, §35A to summary process actions, has recently been resolved by the Supreme Judicial Court adversely to Hubner’s position. Finding that none of the other, largely evidentiary, issues raised by Hubner warrant disturbing the trial judge’s decision, we affirm.
The factual background necessary to resolve this appeal is simple, given Hubner’s tactical decision not to appear at the trial and his attorney’s decision to offer no evidence whatsoever, relying solely on cross-examination of Fannie Mae’s witness. The trial judge’s decision in Fannie Mae’s favor necessarily imports his conclusion that the direct testimony of that witness was credible and accepted by him as true for purposes of the issues presented.
Thus, although Hubner generally denied them in his answer, for purposes of this appeal the facts are these. Hubner owned property at 6D Essex Road in Nantucket. In 2007, he executed a mor tgage on that property to Bank of America (“BoA”), and in 2009, he fell behind on that mortgage. BoA conducted a foreclosure sale of the properly in June, 2011. In 2013, by foreclosure deed, BoA sold the property to Fannie Mae, which initiated this action in March, 2013. Although Hubner did not file an answer, he appeared pro se at the initial trial date of April 29,2013. The court continued the hearing until May 20, 2013, when Hubner appeared with counsel and requested permission to file an answer, discovery, and a request for jury trial. The requests for a jury trial and discovery were denied, but the court allowed the late answer and set the case for a bench trial on June 12, 2013.
Hubner did not appear on the trial date, but his attorney did. At trial, Fannie Mae submitted a certified copy of the foreclosure deed, the notice to quit, the summons and complaint, and a live witness, James Southard (“Southard”), who had executed the foreclosure deed. Hubner's counsel vigorously cross-examined Southard. At the *115 close of Fannie Mae’s case, Hubner’s counsel’s motion for a directed verdict was denied. Hubner then rested without offering any evidence, and the court awarded possession to Fannie Mae. The court stayed the execution until September 16,2013. At the conclusion of the trial, Hubner’s counsel agreed that Fannie Mae was entitled to use and occupancy and, following a subsequent hearing, the parties agreed on $750.00 per month beginning with July, 2013. Hubner then filed this appeal.
1. G.L.c. 244, §35/1. During the pendency of this appeal, Hubner’s primary argument was that Fannie Mae had failed to prove at trial that it had strictly complied with the statutory right to cure provisions contained in G.L.c. 244, §35A and, therefore, its foreclosure was invalid. That issue, which had arisen in many similar cases, has now been resolved. U.S. Bank Nat’l Ass’n v. Schumacher, 467 Mass. 421 (2014). Schumacher holds that §35A is not a statute relating to the foreclosure of mortgages by the exercise of a power of sale with which a summary process plaintiff must prove it has strictly followed. Id. at 431. Since Hubner did not show that the foreclosure process Fannie Mae followed was “fundamentally unfair,” any violations of §35A are not material to this case. Id. at 433 (Gants, J., concurring).
2. Fannie Mae’s Right to Possession. Of course, like any summary process defendant not claiming possession from the plaintiff, Hubner is entitled to challenge Fannie Mae’s right of possession. Here, Fannie Mae’s claim is based on the foreclosure deed and statutory affidavit offered by Fannie Mae. Hubner’s counsel vigorously cross-examined Fannie Mae’s witness, affiant Southard, on his personal knowledge of the loan to Hubner and the procedural details of the foreclosure process. Despite that, the trial judge allowed the deed and affidavit into evidence. This was not error. The law is clear that a deed and affidavit in statutory form are admissible and constitute prima facie evidence of the right of possession. Federal Nat’l Mtge. Ass’n v. Hendricks, 463 Mass. 635, 642 (2012); Federal Nat'l Mtge. Ass’n v. Gilbert, 2014 Mass. App. Div. 24, 27. Once Fannie Mae had made its prima facie case, it was incumbent on Hubner to counter that with some evidence that there was a genuine material fact in dispute. This he did not do. Fannie Mae correctly notes that the basic rules of evidence hold that uncontroverted prima facie evidence should be taken as proved. See Mass. G. Evid. §301 (2013).
3. Other Issues. Finally, Hubner complains of several other, largely evidentiary, rulings by the trial judge, including the admission of documents filed with the registry of deeds, Fannie Mae’s business records, and the proof of service of the summary process complaint. Each of those rulings was well within the broad discretion given to a judge presiding at a civil bench trial. “A trial judge enjoys ‘an abundance of discretion’ in ruling on evidence, Zucco v. Kane, 439 Mass. 503, 507 (2003), and his or her decision to exclude evidence will be sustained on appeal ‘if it can be supported on any legal ground.’ Rubin v. Arlington, 327 Mass. 382, 385 (1951).” See Akbarian v. Public Serv. Mut. Ins. Co., 2004 Mass. App. Div. 87, 89. See also Commonwealth v. Polk, 462 Mass. 23, 32 (2012) (evidentiary decisions are reviewed under abuse of discretion standard).
Here, the experienced trial judge noted, “I think that the documents, unlike some of the cases that have come before me, were adequate. There’s always some problems with documents, but I don’t think the problems with these documents were fatal.” That finding was not whimsical, capricious, or an abuse of discretion. Rather, it reflected sound judicial judgment.
*116 Hubner’s challenge to Fannie Mae’s proof of service of the complaint is particularly without merit given the well-established rule that “the sheriff’s return of service ... was prima facie evidence that the defendant had in fact been served in the manner prescribed by [Mass. R. Civ. R, Rule] 4 ..., [which] shifted [the burden] to the defendant to demonstrate that service had not been effected in compliance with Rule 4(d),” Jackson v. Corley, 1997 Mass. App. Div. 25, 26, and Hubner’s failure to offer any evidence at all.
The decision below was correct and must be affirmed.
So ordered.