FEDERAL NATIONAL MORTGAGE ASSOCIATION *vs*. OLIVER
HENDRICKS.

Suffolk. September 6, 2012. - October 26, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Mortgage*, Real estate, Foreclosure. *Real Property*, Mortgage, Sale. *Sale*, Real estate. *Summary Process*. *Practice, Civil*, Summary process, Summary judgment, Affidavit. *Notice*, Foreclosure of mortgage.

This court concluded that an uncontroverted affidavit attesting to the statutory form "Affidavit of Sale under Power of Sale in Mortgage," G. L. c. 183, § 8, and Appendix Form 12, is sufficient to show compliance with the power of sale for the purpose of establishing the right of possession by motion for summary judgment in a summary process action. [637-643]

SUMMARY PROCESS. Complaint filed in the Boston Division of the Housing Court Department dated August 9, 2010.

The case was heard by *Jeffrey M. Winik*, J., on motions for summary judgment.

The Supreme Judicial Court granted an application for direct appellate review.

*Timothy Visser* (*Andrea Park & H. Esme Caramello* with him) for the defendant.

*Matthew A. Kane* (*Donn A. Randall* with him) for the plaintiff.

*Lawrence F. Scofield & Jeana K. Reinbold*, for Real Estate Bar Association for Massachusetts, Inc., & another, amici curiae, submitted a brief.

SPINA, J. The sole issue in this appeal is whether an uncontroverted affidavit attesting to the statutory form "Affidavit of Sale under Power of Sale in Mortgage," G. L. c. 183, § 8, and Appendix Form 12 (statutory form), is sufficient to show compliance with the power of sale for the purpose of establishing the

right of possession by motion for summary judgment in a summary process action. We conclude that it is.[1]

A judge in the Housing Court ruled in favor of the plaintiff, the Federal National Mortgage Association (Fannie Mae), on the parties' cross motions for summary judgment, and the defendant, Oliver Hendricks, appealed. Hendricks asserts error in the grant of summary judgment to Fannie Mae, where the statutory form fails to set forth "fully and particularly" the acts taken to exercise the power of sale in Hendricks's mortgage, as required by G. L. c. 244, § 15. We granted his application for direct appellate review and now affirm the judgment.

1. *Background.* Hendricks granted to Mortgage Electronic Registration Systems, Inc. (MERS), a mortgage on real property in the Roslindale section of Boston. The mortgage, dated April 12, 2008, contained the statutory power of sale. See G. L. c. 244, § 14. Hendricks defaulted on the loan, and MERS foreclosed on the mortgage. MERS proceeded to a foreclosure auction at which it tendered the highest bid. MERS assigned its bid to Fannie Mae, which then paid the bid price and acquired a foreclosure deed to the mortgaged premises. The foreclosure deed and the statutory form were recorded with the registered land division of the Suffolk County registry of deeds on July 14, 2010. Beyond the requirements of the statutory form, the affidavit of sale contained a statement of the affiant specifying the three dates of publication in a particular newspaper, and a statement of the affiant that "I also complied with [G. L. c. 244, § 14], as amended, by mailing the required notices certified mail, return receipt requested."

Fannie Mae thereafter commenced an action of summary process against Hendricks. It filed a motion for summary judgment, and in support thereof it filed the affidavit of its asset recovery manager with "true and accurate copies" of the foreclosure deed and statutory form (supplemented as described above) attached. Hendricks filed a cross motion for summary judgment and opposition to Fannie Mae's motion for summary judgment in which he raised multiple issues. Of significance to

[1]We acknowledge the amicus brief submitted by the Real Estate Bar Association for Massachusetts, Inc., and the Abstract Club in support of the plaintiff's position.

the issue on appeal is the absence of any assertion by Hendricks, by affidavit or other acceptable alternative, to the effect that he did not receive proper notice of the foreclosure sale, or that MERS failed in any respect to comply with the notice requirements of G. L. c. 244, § 14. He merely argued that the statutory form as supplemented was legally deficient in various respects.

2. *Standard of review.* Hendricks seeks the reversal of the order granting summary judgment and a remand to the Housing Court for trial. When reviewing a grant of summary judgment we consider the pleadings, depositions, answers to interrogatories, and responses to requests for admission under Mass. R. Civ. P. 36, 365 Mass. 795 (1974), together with the affidavits, and ask if there is any genuine issue as to any material fact. See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). We view the evidence in the light most favorable to the nonmoving party. See *Augat, Inc.* v. *Liberty Mut. Ins. Co.,* 410 Mass. 117, 120 (1991). If all material facts have been established and the moving party is entitled to judgment as a matter of law, then the "judgment sought shall be rendered forthwith." Mass. R. Civ. P. 56 (c). See *Augat, Inc.* v. *Liberty Mut. Ins. Co., supra.* We may consider any ground supporting the judgment. See *id.* Because our review is de novo, see *Bank of N.Y.* v. *Bailey,* 460 Mass. 327, 331 (2011), no deference is accorded the decision of the judge in the trial court. See *Johnson* v. *Gordon,* 409 F.3d 12, 16-17 (1st Cir. 2005).

3. *Discussion.* Hendricks argues that Fannie Mae failed to make a prima facie showing of its right to possession of the premises. He acknowledges that a plaintiff in a postforeclosure summary process case may make a prima facie showing of its right to possession by producing an attested copy of the recorded foreclosure deed and affidavit of sale under G. L. c. 244, § 15. See *Lewis* v. *Jackson,* 165 Mass. 481, 486-487 (1896). He also acknowledges that a deficient affidavit of sale does not void a foreclosure sale or the right to possession. See *Burns* v. *Thayer,* 115 Mass. 89, 93 (1874). A deficient affidavit may be cured by extrinsic evidence that the power of sale was exercised properly and the foreclosure was valid. See *O'Meara* v. *Gleason,* 246 Mass. 136, 139 (1923). Hendricks contends that the

statutory form,[2] as supplemented, is defective because it fails to comply with the requirements of G. L. c. 244, § 15,[3] and that Fannie Mae failed to offer any extrinsic evidence that could cure the defects.

Hendricks argues that the affidavit of sale must comply with the requirement of G. L. c. 244, § 15, by "fully and particularly stating [the affiant's] acts" taken to satisfy the notice requirements of G. L. c. 244, § 14.[4] Fannie Mae argues that it need

---

[2]General Laws c. 183, Appendix Form 12, sets forth the following statutory form "Affidavit of Sale under Power of Sale in Mortgage":

"_____ named in the foregoing deed, make oath and say that the principal _____ interest _____ obligation _____ mentioned in the mortgage above referred to was not paid or tendered or performed when due or prior to the sale, and that I published on the _____ day of _____, 19__, in the _____, a newspaper published or by its title page purporting to be published in _____ aforesaid and having a circulation therein, a notice of which the following is a true copy. (INSERT ADVERTISEMENT)

"Pursuant to said notice at the time and place therein appointed, I sold the mortgaged premises at _____ public auction by _____, an auctioneer, to _____, above named, for _____ dollars, bid by him, being the highest bid made therefor at said auction.

"Sworn to by the said _____, 19__, before me _____."

[3]General Laws c. 244, § 15, states that the person foreclosing "shall, after the sale, cause a copy of the notice and his affidavit, *fully and particularly stating his acts*, . . . to be recorded in the registry of deeds for the county or district where the land lies . . . . *If the affidavit shows that the requirements of the power of sale and of the statute have in all respects been complied with, the affidavit or a certified copy of the record thereof, shall be admitted as evidence that the power of sale was duly executed.*" (Emphases added.)

[4]General Laws c. 244, § 14, provides that "no sale under [the power of sale in a mortgage] shall be effectual to foreclose a mortgage, unless, previous to such sale, [1] notice thereof has been published once in each of three successive weeks, the first publication to be not less than twenty-one days before the day of sale, in a newspaper, if any, published in the town where the land lies or in a newspaper with general circulation in the town where the land lies and [2] notice thereof has been sent by registered mail to the owner or owners of record of the equity of redemption as of thirty days prior to the date of sale, said notice to be mailed at least fourteen days prior to the date of sale to said owner or owners . . . and unless [3] a copy of said notice of sale has been sent by registered mail to all persons of record as of thirty days prior to the date of sale holding an interest in the property junior to the mortgage being foreclosed, said notice to be mailed at least fourteen days prior to the date of sale to each such person."

only comply with the requirements of the statutory form to make a prima facie showing of its right of possession because G. L. c. 183, § 8,[5] imbues the statutory form with legal sufficiency for purposes of G. L. c. 244, § 15. It further argues that it did not have to provide full and particular details of acts taken on its behalf pursuant to the requirements of G. L. c. 244, § 14, until Hendricks created a dispute concerning compliance by affidavit or a suitable alternative, which he failed to do.

Hendricks counters by arguing that the statutory form, inserted by St. 1912, c. 502, § 12, is outdated. When the statutory forms were established by the Legislature in 1912, the only form of notice required to execute the power of sale in a mortgage was publication in a newspaper. See R. L. (1902) c. 187, § 14, as amended by St. 1906, c. 219, § 1. The requirements of mail notice to the owners of the equity of redemption and junior interest holders were not added until 1975 and 1981, respectively. See St. 1975, c. 342; St. 1977, c. 629; St. 1981, c. 242. The statutory form affidavit of sale has never been amended. Citing *Doe* v. *Attorney Gen. (No. 1)*, 425 Mass. 210, 215 (1997), Hendricks further argues that the conflict between the more recent mail notice requirements of G. L. c. 244, § 14, and the static and stale requirements of the statutory form, unchanged since 1912, must be resolved in favor of the latest expression of legislative intent. Consequently, he continues, the affidavit of sale should have "fully and particularly" set forth all acts taken pursuant to the requirements of § 15.

There are two obvious problems with Hendricks's argument. First, the statutory form calls for only one date of publication of the advertisement in the newspaper. It was enacted at a time when publication was required (and still is required) on three dates, namely, once each week for three consecutive weeks. The statutory form also was enacted when affidavits of sale were required (as now) to be recorded in a registry of deeds. See R. L. (1902) c. 187, §§ 14, 15; St. 1906, c. 219, §§ 1, 2; St.

---

[5]General Laws c. 183, § 8, states: "The forms set forth in the appendix to this chapter may be used *and shall be sufficient for their respective purposes. They shall be known as 'Statutory Forms' and may be referred to as such.* They may be altered as circumstances require, and the authorization of such forms shall not prevent the use of other forms. . . ." (Emphasis added.)

1918, c. 257, § 439. The stated purpose of the statutory forms was "[t]o shorten the form of deeds, etc." St. 1912, c. 502, § 1 (marginal notation). Thus, when the statutory form was approved in 1912, it did not call for inclusion of all the details of publication in a newspaper that were required for foreclosure; it could be recorded with the foreclosure deed, and it thereby would be "sufficient," within the meaning of G. L. c. 183, § 8, for its purposes, namely, to provide "evidence that the power of sale was duly executed." G. L. c. 244, § 15. The purpose of the statutory form remains as vital today as it was one hundred years ago.[6] Contrary to what Hendricks argues, where the Legislature did not require all dates of newspaper publication to be included in the statutory form because it intended to shorten the length of instruments recorded with a registry of deeds, there is no reason to think that the failure to amend the statutory form conformably with the mail notice language added to G. L. c. 244, § 14, was a legislative oversight.

Second, as noted, the purpose of the statutory forms in the Appendix to G. L. c. 183 was to shorten instruments for recording in a registry of deeds. See St. 1912, c. 502. If the Legislature intended affidavits of sale to be as detail laden as G. L. c. 244, § 15, and its predecessors require, then there would have been no reason whatsoever even to create the statutory form.

We do not accept Hendricks's assertion of an implacable conflict between G. L. c. 244, § 15, and the statutory form. "[A] statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or

---

[6]In a different context, to which some reference is useful in understanding the practical purpose of statutory forms generally, this court has held that the statutory forms for indictments set forth in G. L. c. 277, § 79, generally are sufficient, see *Marshall* v. *Commonwealth, ante* 529, 532 n.7 (2012), but that a bill of particulars is an appropriate means to obtain details as to the time, place, nature, and grounds of a felony charged in an indictment, if needed. See *Commonwealth* v. *Baker*, 368 Mass. 58, 75-77 (1975). Especially noteworthy is the statutory form indictment for murder, which encompasses all theories of murder, though the statutory form does not so specify. See G. L. c. 277, § 79; *Commonwealth* v. *DePace*, 442 Mass. 739, 743-744 (2004), cert. denied, 544 U.S. 980 (2005).

imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513 (1975), quoting *Industrial Fin. Corp.* v. *State Tax Comm'n*, 367 Mass. 360, 364 (1975). "[W]here two or more statutes relate to the same subject matter, they should be construed together so as to constitute a harmonious whole consistent with the legislative purpose." *Board of Educ.* v. *Assessor of Worcester*, *supra* at 513-514. The statutory form was intended as an alternative to the more lengthy form prescribed by G. L. c. 244, § 15, and it "shall be sufficient for [its] purposes." G. L. c. 183, § 8. The purposes of a statutory form are those of any affidavit of foreclosure sale: to be recorded with the foreclosure deed and "secure the preservation of evidence that the conditions of the power of sale named in the deed have been complied with." *Field* v. *Gooding*, 106 Mass. 310, 312 (1871). See *Atkins* v. *Atkins*, 195 Mass. 124, 127 (1907); G. L. c. 244, § 15.

An affidavit that meets the requirements of G. L. c. 244, § 15, does nothing more. Such an affidavit is not conclusive proof of compliance with G. L. c. 244, § 14. See *Atkins* v. *Atkins*, *supra*. It is merely "evidence that the power of sale was duly executed." See note 3, *supra*. Given the long and continuous history of legislation (at least since St. 1857, c. 229, § 1) that has treated the affidavit of sale as "evidence that the power of sale was duly executed," and given our long-standing jurisprudence that has treated affidavits of sale as nonconclusive proof of compliance with the statute authorizing foreclosure by power of sale in the mortgage, see *Silva* v. *Turner*, 166 Mass. 407, 412 (1896), it should come as no surprise that the Legislature created the statutory form to reduce clutter in the registries of deeds and focus attention on the court room, where disputes over foreclosure sales actually are resolved. Although an affidavit satisfying the particulars of § 15 may be more persuasive than its statutory form counterpart at a trial where compliance with § 14 is a live issue and thereby provide greater "protection [to] those claiming under the sale," *Field* v. *Gooding*, *supra*, that is a matter for negotiation between the seller and purchaser at a foreclosure sale. It does not affect the status of

the statutory form as prima facie evidence of compliance with § 14. For the foregoing reasons, we hold that in a summary process action a foreclosure deed and statutory form constitute prima facie evidence of the right of possession.[7] See *Lewis* v. *Jackson*, 165 Mass. 481, 486-487 (1896).

It is not disputed that a defendant in a postforeclosure summary process action may challenge a plaintiff's title, i.e., its right of possession. See *Bank of N.Y.* v. *Bailey*, 460 Mass. 327, 333 (2011), citing *New England Mut. Life Ins. Co.* v. *Wing*, 191 Mass. 192, 195 (1906). Where that challenge is focused on an affidavit of sale that is defective on its face, a defendant needs no other evidence to proceed with his challenge. Cf. *O'Meara* v. *Gleason*, 246 Mass. 136, 138-139 (1923) (where affidavit of sale was not timely recorded under statute, good and clear record title could not be conveyed, as prospective purchaser could not resort to affidavit but would be obligated to provide extrinsic evidence to show power of sale was exercised properly). However, where the affidavit of sale is in the statutory form or meets the particular requirements of § 15, a plaintiff has made a prima facie case. See *Bank of N.Y.* v. *Bailey, supra* at 334; *Deutsche Bank Nat'l Trust Co.* v. *Gabriel*, 81 Mass. App. Ct. 564, 568-570 (2012).

If a plaintiff makes a prima facie case, it is then incumbent on a defendant to counter with his own affidavit or acceptable alternative demonstrating at least the existence of a genuine issue of material fact to avoid summary judgment against him. See *id.* at 566; Mass. R. Civ. P. 56 (c). See also *Atkins* v. *Atkins, supra* (defendant may challenge at trial plaintiff's assertions of compliance with statute); *Silva* v. *Turner, supra* (same). If a defendant fails to show the existence of a genuine issue of material fact in response to a motion for summary judgment by contesting factually a prima facie case of compliance with G. L. c. 244, § 14, such failure generally should result in judgment for the plaintiff. Here, Hendricks offered nothing to show the existence of a genuine issue of material fact in response to Fannie Mae's prima facie case, and summary judgment was correctly entered against him.

---

[7]Because of the decision we reach, there is no need to discuss whether the statutory form in this case, as supplemented, meets the requirement of details set forth in G. L. c. 244, § 15.

Because the statutory form that Fannie Mae offered in support of its motion for summary judgment was "sufficient" within the meaning of G. L. c. 183, § 8, it made out a prima facie case of compliance with G. L. c. 244, § 14. Because Hendricks did not controvert Fannie Mae's showing with his own affidavit or some acceptable alternative, there was no genuine issue of material fact to be decided, and Fannie Mae was entitled to summary judgment as a matter of law. See Mass. R. Civ. P. 56 (c).

*Judgment affirmed.*