NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1263

WELLS FARGO BANK, NATIONAL ASSOCIATION, trustee,[1]

vs.

SCOTT M. TROCKI & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This postforeclosure summary process action is here on appeal for the second time.  In the first appeal, a panel of this court affirmed the Housing Court's entry of summary judgment in favor of the plaintiff, Wells Fargo Bank, National Association, as trustee of the Option One Mortgage Loan Trust 2004-2, Asset-Backed Certificates, Series 2004-2 (Wells Fargo), on all claims and counterclaims, except for the defendants' foreclosure-related counterclaims under G. L. c. 93A, which were remanded to the Housing Court for further proceedings.  See

_____

[1] Of the Option One Mortgage Loan Trust 2004-2, Asset-Backed Certificates, Series 2004-2.

[2] Denise M. Trocki, Danielle R. Trocki, Lindsey L. Trocki, Travis Trocki, and Zachary C. Trocki.

Wells Fargo Bank, National Association v. Trocki, 99 Mass. App. Ct. 1124 (2021) (Trocki I).  On remand, the Housing Court entered summary judgment in favor of Wells Fargo, dismissing the defendants' foreclosure-related counterclaims under c. 93A. This appeal followed.[3]  We affirm.

Discussion.  1.  Standard of review.  We review the grant of summary judgment de novo.  See Le Fort Enters., Inc. v. Lantern 18, LLC, 491 Mass. 144, 149 (2023).  "We view the

_____

[3] Scott M. Trocki is the only defendant to file a notice of appeal and brief in this action.  We note that he now makes several claims that were decided in Trocki I and are therefore not properly before us.  Such claims include those related to possession of the property; disability discrimination and the failure to make reasonable accommodations; violations of G. L. c. 239, § 8A, and the implied warranty of habitability; and violations of G. L. c. 186, § 14.  Under the law of the case doctrine, we will not "reconsider questions decided upon an earlier appeal in the same case," except in limited circumstances not present here.  King v. Driscoll, 424 Mass. 1, 8, (1996), quoting Peterson v. Hopson, 306 Mass. 597, 599 (1940).  Moreover, the aforementioned issues exceed the scope of the summary judgment entered April 26, 2022, which is the only judgment on appeal.  We therefore decline to revisit these issues.

Additionally, the appellant claims that Wells Fargo failed to adequately respond to various discovery requests prior to Trocki I.  The appellant's brief contains no corresponding citations either to the record or to legal authority in support of the claim.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) (appellant's brief must contain "citations to the authorities and parts of the record on which the appellant relies").  See also Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) ("bald assertions of error, lacking legal argument and authority," do not rise to level of appellate argument).  Accordingly, we treat these claims as waived.

evidence in the light most favorable to the nonmoving party." Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 637 (2012). "Summary judgment is appropriate where there is no material issue of fact in dispute, and the moving party is entitled to judgment as a matter of law." Berry v. Commerce Ins. Co., 488 Mass. 633, 636 (2021), citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Where the party opposing summary judgment bears the burden of proof at trial, as the defendants did on their counterclaims under c. 93A, the moving party may prevail "if he demonstrates, by reference to material described in Mass. R. Civ. P. 56 (c), [as amended, 436 Mass. 1404 (2002),] unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case." Kourouvacilis, supra at 716. "In deciding a motion for summary judgment[,] the court may consider the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits." Niles v. Huntington Controls, Inc., 92 Mass. App. Ct. 15, 18 (2017).

Pursuant to G. L. c. 93A, § 2 (a), it is unlawful to employ "unfair or deceptive acts or practices in the conduct of any trade or commerce." Whether "conduct violates G. L. c. 93A is a legal, not a factual, determination[,] . . . [a]lthough whether

3

a particular set of acts, in their factual setting, is unfair . . . is a question of fact."  Klairmont v. Gainsboro Restaurant, Inc., 465 Mass. 165, 171 (2013), quoting Casavant v. Norwegian Cruise Line Ltd., 460 Mass. 500, 503 (2011).  Factors informing whether a business practice is unfair include "(1) whether the practice . . . is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers (or competitors or other businessmen)."  Barron Chiropractic & Rehabilitation, P.C. v. Norfolk & Dedham Group, 469 Mass. 800, 811 (2014), quoting PMP Assocs., Inc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975).

2.  Predatory lending.  The appellant claims that Wells Fargo is liable under c. 93A because the loan was "predatory, unfair, and/or was unaffordable based on my income."  The judge correctly concluded that, irrespective of the purported unfairness of the loan, Wells Fargo cannot be held liable under this theory, as Wells Fargo is merely an assignee, and not the originator, of the loan at issue.[4]  See Drakopoulos v. United States Bank Nat'l Ass'n, 465 Mass. 775, 787 n.16 (2013) ("Where

---

[4] The originator of the loan was Option One Mortgage Corporation.

4

an assignee played no part in the unfair or deceptive acts of an assignor, principles of assignee liability ordinarily will not render the assignee liable for affirmative damages for those acts").

3. _Loan modification and pre-foreclosure notices_. The appellant also claims that Wells Fargo is liable under c. 93A because he was "treated unfairly with respect to loan modification and/or alternatives to foreclosure . . . [and] pre-foreclosure notices." In support of its motion for summary judgment, Wells Fargo produced an affidavit stating that, following defaults on their loan repayment obligations, the defendants were granted loan modifications in 2009 and 2012; rejected a 2014 trial modification offer; failed to make the payments under a 2015 trial modification offer; and failed to timely provide required documentation in connection with a 2016 loan modification application. After Wells Fargo met its initial burden under Mass. R. Civ. P. 56 (c), "the burden shifted to the [defendants] to show with admissible evidence the existence of a dispute as to material facts." Godbout v. Cousens, 396 Mass. 254, 261 (1985). "[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment." LaLonde v. Eissner, 405 Mass. 207, 209 (1989). The record does

not show that the defendants set forth specific facts showing that there is a genuine issue for trial regarding the unfairness or deceptiveness of the several avenues that were offered to avoid foreclosure, nor of the pre-foreclosure notices that were provided, which is an essential element of the counterclaims brought under c. 93A. See Kourouvacilis, 410 Mass at 716. In the absence of such countervailing materials, the judge did not err in allowing Wells Fargo's motion for summary judgment on these counterclaims.

4. _Other unfair practices_. We likewise conclude that Wells Fargo was entitled to summary judgment on the defendants' c. 93A counterclaims alleging the following conduct: "forced insurance, improper crediting, no statements, escrow management and discovery." Wells Fargo's affidavit states that Wells Fargo acquired lender placed insurance on the defendants' property, made escrow advances, provided mortgage statements, and properly credited all payments made by the defendants to their loan balance, in accordance with Wells Fargo's rights and obligations under the loan documents. The record does not show that the defendants offered countervailing evidence regarding the unfairness or deceptiveness of such conduct, which, again, is an essential element of the c. 93A counterclaims. See Kourouvacilis, 410 Mass. at 716. The judge therefore did not

6

err in allowing Wells Fargo's motion for summary judgment on these counterclaims.

Conclusion. For the foregoing reasons, we conclude that the judge properly allowed Wells Fargo's motion for summary judgment as to the defendants' foreclosure-related counterclaims under c. 93A.

Judgment entered April 26, 2022, affirmed.

By the Court (Meade, Sacks & Hodgens, JJ.[5]),

_Paul Little_

Clerk

Entered: February 18, 2025.

---

[5] The panelists are listed in order of seniority.