NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-706

JOANNE MISTLER

<u>vs</u>.

LOCKHEED MARTIN CORPORATION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from summary judgment entered in favor of the defendant, dismissing the complaint on the basis of absolute immunity.  In so ruling, the judge relied on the rule set forth in <u>Becker</u> v. <u>Philco Corp</u>., 372 F.2d 771, 776 (4th Cir.), cert. denied, 389 U.S. 979 (1967), that Federal contractors are absolutely immune from lawsuits arising out of mandatory disclosures to the government.  On appeal, the plaintiff claims that:  (1) section 1-302 of the National Industrial Security Program Operating Manual (NISPOM), unlike the manual at issue in <u>Becker</u>, creates an exception to absolute immunity for disclosures "based on rumor or innuendo," which was the basis for the defendant's adverse information report (AIR);

and (2) even if no such exception exists, the defendant's two reports were not mandatory, and absolute immunity therefore does not apply, because (a) with respect to the AIR, the overstatement of hours worked does not amount to "adverse information" as defined by the NISPOM, and (b) with respect to the Federal acquisition regulations (FAR) disclosure, the defendant lacked credible evidence of any violation of the False Claims Act, 31 U.S.C. § 3729.  We affirm.

Discussion.  1.  Standard of review.  We review the grant of summary judgment de novo.  See Le Fort Enters. v. Lantern 18, LLC, 491 Mass. 144, 149 (2023).  "We view the evidence in the light most favorable to the nonmoving party."  Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 637 (2012).  "When reviewing a grant of summary judgment[,] we consider the pleadings, depositions, answers to interrogatories, and responses to requests for admission under Mass. R. Civ. P. 36, 365 Mass. 795 (1974), together with the affidavits, and ask if there is any genuine issue as to any material fact."  Id. "Summary judgment is appropriate where there is no material issue of fact in dispute, and the moving party is entitled to judgment as a matter of law."  Berry v. Commerce Ins. Co., 488 Mass. 633, 636 (2021), citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

The plaintiff appears to claim that, in connection with the judge's treatment of the defendant's motion as one for summary judgment,[1] she was not "given reasonable opportunity to present all material made pertinent to such a motion by [Mass. R. Civ. P. 56, 365 Mass. 824 (1974)]." Reliance Ins. Co. v. Boston, 71 Mass. App. Ct. 550, 555 (2008), quoting Mass. R. Civ. P. 12 (b), 365 Mass. 754 (1974). We disagree.

At the July 26, 2023, final trial conference, the judge stated that "the defendant's two motions . . . are in effect motions for summary judgment -- they're styled as motions to dismiss, but they're really motions for summary judgment." This afforded the plaintiff a reasonable opportunity to supplement her opposition with rule 56 materials. Regardless, the plaintiff fails to articulate any resulting prejudice; she has not identified specific materials or information that would have created a genuine dispute of fact as to the issues raised on appeal. See Reliance Ins. Co., 71 Mass. App. Ct. at 555 ("Where the failure to provide . . . an opportunity [to present rule 56 materials] results in prejudice to a party, such a failure can constitute reversible error").[2]

_____

[1] The defendant styled its motion as a "motion in limine renewing motion to dismiss on grounds of absolute privilege and immunity."

[2] The plaintiff also states in her brief that the defendant "[did] not authenticate[] any of [the] exhibits" attached to its

3

2.  The adverse information report.  a.  Rumor or innuendo. The parties do not dispute that the defendant's affirmative defense of absolute immunity invokes a question of Federal common law.  "We are bound by decisions of the Supreme Court on Federal questions."  Corning Glass Works v. Ann & Hope, Inc. of Danvers, 363 Mass. 409, 416 (1973).  "But where -- as is the case here -- the decisions of that court furnish no guide[,] we are free to determine the appropriate rule to be applied, giving such consideration to the decisions of lower Federal courts as we think they are entitled."  Lapp Insulator Co. v. Boston & Me. R.R., 330 Mass. 205, 209 (1953).  The plaintiff does not argue otherwise.

As a general principle, Federal contractors are entitled to absolute immunity from lawsuits arising out of mandatory disclosures to the government.  See Becker, 372 F.2d at 776. The plaintiff cites to dicta from Baran v. ASRC Fed., 401 F. Supp. 3d 471, 485 (D.N.J. 2019), that the NISPOM is "substantially different from the [manual] examined by the

_____

motion, but, "[f]or the purposes of this appeal[, the plaintiff] does not dispute the authenticity of the documents submitted." We interpret this statement as a concession that the judge did not err in considering the defendant's exhibits in ruling on the motion.  Notwithstanding, "we have never been overly technical in our reading of what a judge should consider on a motion for summary judgment" and have taken a liberal view as to the judge's consideration of relevant, potentially admissible materials.  Correllas v. Viveiros, 410 Mass. 314, 317 (1991).

4

Becker court" as it "instructs not to report information 'based on rumor or innuendo,'" for the proposition that NISPOM precludes the application of absolute immunity to lawsuits arising out of such disclosures.[3]

We are unpersuaded by the Baran judge's construction of the NISPOM, which would substantially undermine the public policy objective underlying the Becker rule. See Becker, 372 F.2d at 774 ("officials of government should be free to exercise their duties unembarrassed by the fear of damage suits in respect of acts done in the course of those duties" [citation omitted]); Gulati v. Zuckerman, 723 F. Supp. 353, 358 (E.D. Pa. 1989) ("Self-censorship in adverse information reporting would be extremely detrimental to the [F]ederal goal of ferreting out security risks in the defense industry.  It is the province of [F]ederal security investigators, not of reporting contractors, to sort out valid reports of employee misbehavior from unfounded fictions").  Accordingly, we conclude that the "rumor or innuendo" language of section 1-302 operates merely as guidance

_____

[3] The plaintiff also cites to McNeil v. Duncan, U.S. Dist. Ct., No. 19-694 (RDM), slip. op. (D.D.C. July 15, 2022), and Press v. United States, U.S. Dist. Ct., No. JKB-17-1667, slip op. (D. Md. Mar. 7, 2018).  Neither case addresses the purported "rumor or innuendo" exception; rather, they stand for the general proposition that absolute immunity will not extend to disclosures that are not required of Federal contractors.  See McNeill, supra at *20-21; Press, supra at *20-21.

to Federal contractors, and not as an exception to the absolute immunity stemming from their mandate to report adverse information concerning cleared employees.[4]

b. "Adverse information" definition. Next, the plaintiff claims that an employee's overstatement of hours worked does not amount to "adverse information," as defined by the NISPOM,[5] so the defendant was not required to report it, and is therefore not protected by absolute immunity. Specifically, the plaintiff contends that the "full definition" of the term makes clear that it only encapsulates information "relating to potential breaches implicating national security." We disagree.

Contrary to the plaintiff's assertion, the definition is disjunctive, and includes, in relevant part, "[a]ny information that adversely reflects on the integrity or character of a cleared employee." See note 5, supra. The plaintiff does not argue, let alone establish, that an employee's overstatement of

---

[4] We further note that the defendant's disclosure here was made after an internal investigation that generated an over 100-page report, which can hardly be characterized as "rumor or innuendo."

[5] We take judicial notice of Appendix C to the version of the NISPOM compiled May 2, 2014, which defines "adverse information" as "[a]ny information that adversely reflects on the integrity or character of a cleared employee, that suggests that his or her ability to safeguard classified information may be impaired, or that his or her access to classified information clearly may not be in the interest of national security." See Mass. G. Evid. § 201(b) (2024).

hours worked does not adversely reflect on that employee's integrity or character. The judge did not err in concluding that the defendant was required to report this adverse information.

3. The FAR disclosure. a. Credible evidence. The plaintiff claims that the reporting requirements of 48 C.F.R. §§ 9.407-2 and 52.203-13 do not apply because the defendant "had no credible evidence that [the plaintiff] overstated her time."[6] We disagree.

To establish credible evidence, "contractors are not required to 'carry out a complex investigation, but only [need] to take reasonable steps that the contractor considers sufficient to determine that the evidence is credible.'" Anderson v. Fluor Intercontinental, Inc., U.S. Dist. Ct., No. 1:19-cv-0289, slip op. at *56-57 (E.D. Va. Jan. 4, 2021), quoting 73 Fed. Reg. 67,064-02, 67,075 (2008). Here, the defendant submitted, in connection with its motion, a detailed "report of investigation" addressing management's concern about the plaintiff's potential labor mischarging.

---

[6] In relevant part, these regulations require contractors to disclose to the Federal government, in connection with the performance of their contracts, "credible evidence" of violations of the civil False Claims Act, 31 U.S.C. §§ 3729-3733. See 48 C.F.R. §§ 9.407-2(a)(8)(ii), 52.203-13(b)(3)(i)(B).

7

The plaintiff argues that the investigation into her "facility access records, computer usage, expenses, and labor charging for a ninety-day period" was insufficient because such records "do not convey the hours someone travels for work, works offline, and attends in-person meetings."  In taking this position, the plaintiff demands more than "reasonable steps that the contractor considers sufficient" to assess the credibility of the evidence (citation omitted).  Anderson, U.S. Dist. Ct., No. 1:19-cv-0289, slip op. at *56-57.  We conclude that the defendant's investigation met this threshold.[7]

b.  False Claims Act.  Next, the plaintiff claims that, with respect to the FAR disclosure, the judge erred in granting summary judgment on the basis of absolute immunity, as the plaintiff's alleged overstatement of hours worked, even if true, would not amount to a violation of the False Claims Act, and

_____

[7] The plaintiff also claims that the FARs do not apply, for lack of "credible evidence," to the defendant's "knowingly false statements that [the plaintiff] overstated her time and resigned to avoid the investigation into her time" (emphasis added).  We need not address the legal questions whether (1) a contractor's actual knowledge of a statement's falsity precludes the finding of "credible evidence" for such statement or (2) absolute immunity would generally extend to such a statement, as the plaintiff fails to cite to any evidence in the summary judgment record supporting this factual contention, see Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019), and our review of the record yields no support for it.

therefore would not trigger a reporting obligation pursuant to 48 C.F.R. § 52.203-13(b)(3)(i)(B). See note 6, supra.

i. "Claim" definition. The plaintiff contends that her alleged overstatement of hours worked would not amount to a "claim" under 31 U.S.C. § 3729(b)(2)(A)(ii), because her hours were "allocated to overhead," and, therefore, the associated expense would not be funded or reimbursed by the government.[8]

Preliminarily, we note that the plaintiff's brief contains no citation, either to the record or relevant legal authority, in support of this argument. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) (appellant's brief must contain "citations to the authorities and parts of the record on which the appellant relies"). See also Zora v. State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) ("bald assertions of error, lacking legal argument and authority," do not rise to level of appellate argument). Accordingly, we treat it as waived.

---

[8] In relevant part, the False Claims Act defines the term "claim" as "any request or demand, whether under a contract or otherwise, for money or property . . . that . . . is made to a contractor . . . if the money or property is to be spent or used on the [g]overnment's behalf or to advance a [g]overnment program or interest, and if the United States [g]overnment . . . (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor . . . for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2)(A)(ii).

Even if it were not waived, the judge did not err on this basis, as the plaintiff failed to submit rule 56 (c) materials disputing that the Federal government would provide or reimburse "any portion" of the money requested by the plaintiff to the defendant. 31 U.S.C. § 3729(b)(2)(A)(ii)(I). See Godbout v. Cousens, 396 Mass. 254, 261 (1985). To the contrary, exhibit 3 to the plaintiff's opposition includes the defendant's response to request for admission no. 14, which states that "[b]usiness development time is charged as overhead but is included as a charge component in specific customer contracts." Exhibit 1 to the plaintiff's opposition does include an unauthenticated e-mail message stating that, because the plaintiff charged her time to overhead, "she did not charge a specific contract"; however, even if this message had been authenticated, it would not have created an issue of material fact, as the definition of "claim" requires merely that "any portion" of the money be provided or reimbursed by the Federal government. 31 U.S.C. § 3729(b)(2)(A)(ii)(I). The fact that overhead expenses are not directly charged to specific customer contracts does not contradict the fact that they are "included as a charge component" in such contracts, and a portion of the plaintiff's expenses would therefore be paid or reimbursed by the government.

10

ii. "Materiality" of the alleged overstatement. Next, the plaintiff contends that her alleged overstatement of hours worked would not amount to a violation of 31 U.S.C. § 3729(a)(1)(B),[9] because overhead expenses are not "material"[10] to a false claim. We disagree.

Again, the plaintiff did not submit evidence disputing the fact that "overhead . . . is included as a charge component in specific customer contracts." The plaintiff cites to neither the record, nor relevant legal authority, in support of her contention that overhead, as a charge component in specific customer contracts, would not "influence[] the payment or receipt of money." 31 U.S.C. § 3729(b)(4). We discern no error on this basis.[11]

c. Applicability of 48 C.F.R. § 9.407-2(a)(10). Finally, the plaintiff claims that, even if the defendant had credible

---

[9] This subsection establishes liability for any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B).

[10] "[T]he term 'material' means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).

[11] The plaintiff also contends that § 3729(a)(1)(G) does not apply. We need not reach this issue, as it would not change the outcome given the applicability of § 3729(a)(1)(B).

evidence that the plaintiff overstated her hours worked, such overstatement would not trigger 48 C.F.R. § 9.407-2(a)(10).[12]

We need not address this argument, as its resolution is not outcome determinative. The relevant question is not whether the plaintiff's alleged conduct, if true, would generate sufficient grounds for her suspension, but rather whether it created a reporting obligation for the defendant pursuant to 48 C.F.R. § 52.203-13(b)(3)(i)(B).

<u>Judgment affirmed</u>.

By the Court (Meade, Shin & Tan, JJ.[13]),

Clerk

Entered: June 11, 2025.

---

[12] This regulation provides that a Federal contractor may be suspended for the "[c]ommission of any . . . offense indicating a lack of business integrity or business honesty that seriously and directly affects the present responsibility of a [g]overnment contractor or subcontractor." 48 C.F.R. § 9.407-2(a)(10).

[13] The panelists are listed in order of seniority.