NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-77

STEVE OKANLAWON

vs.

DEUTSCHE BANK NATIONAL TRUST COMPANY.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Steve Okanlawon, appeals from the entry of a summary judgment dismissing his claims against the defendant, Deutsche Bank National Trust Company (bank).  We affirm.

Background.  In 2006, the plaintiff borrowed funds and executed a promissory note that was secured by a mortgage on the plaintiff's property granted to Mortgage Electronic Registration Systems, Inc. (MERS).  MERS assigned the mortgage to the bank in 2009, which thereafter held both note and mortgage.  In 2010, the plaintiff and the bank entered into a loan modification

_____

[1] As trustee for Morgan Stanley ABS Capital, Inc., Trust 2007-HE2.  As is our usual practice, we take the parties' names and capacities as presented in the operative complaint.

agreement that reduced the plaintiff's monthly payments and modified the note's principal balance. The plaintiff stopped making monthly payments in August 2013, and the bank initiated foreclosure proceedings. Between 2016 and 2019, the plaintiff submitted a series of requests for mortgage assistance. In response, the bank deemed the plaintiff's applications incomplete, requested additional information, and proposed various options to the plaintiff, to which the plaintiff did not respond. The plaintiff declared bankruptcy in February 2019, and the bankruptcy court imposed a stay as to the bank's foreclosure in May 2019, then lifted that stay in June 2019 due to the plaintiff's failure to make required payments. The bank foreclosed in October 2019.

After foreclosing on the property, the bank took the foreclosure title and brought a summary process action against the plaintiff. The plaintiff brought counterclaims. Pending resolution of the summary process matter, the bank transferred its title to a bona fide purchaser, the plaintiff vacated the property, and the bank moved to dismiss its claims. The judge allowed the motion and also, sua sponte, dismissed the plaintiff's counterclaims as moot. On appeal, a panel of this court vacated so much of the judgment as dismissed the plaintiff's counterclaims. See Deutsche Bank Nat'l Trust Co. v. Okanlawon, 101 Mass. App. Ct. 1125 (2022). In an unpublished

2

memorandum and order, the panel acknowledged that because the "new owner of the subject property has prevailed in a separate summary process action, and the defendant has voluntarily vacated the property," the bank's summary process claim for possession was moot and no further injunctive relief could be ordered.  Id.  Nevertheless, the panel ruled that the appeal was not moot because "[c]laims for monetary damages are not rendered moot by the unavailability of injunctive relief."  Id.  The panel explained that a summary process defendant in Housing Court may assert counterclaims for damages under, for example, G. L. c. 93A, § 9, and "[s]uch claims are not dependent on the action for possession."  Id.  "[I]ndeed, the Housing Court may sever the counterclaims, determine possession, and then, 'pursuant to the Housing Court's general jurisdiction under G. L. c. 185C, § 3, the judge may in a separate proceeding determine whether the occupant is entitled to monetary damages, other forms of equitable relief, or attorney's fees'" (citation omitted).  Okanlawon, supra.  The panel reversed so much of the judgment as dismissed the defendant's counterclaims, but noted that the existence of jurisdiction over those claims did not "mean that they will necessarily, or even likely, survive a motion to dismiss or for summary judgment."  Id.

On remand, the matter was transferred to the present trial docket and recaptioned, and the plaintiff filed an amended

3

complaint. The plaintiff asserted claims for breach of the implied covenant of good faith and fair dealing, violation of G. L. c. 93A, § 9, and wrongful foreclosure. The claims involved the bank's alleged conduct in the preforeclosure modification proceedings, the foreclosure itself, and the bank's transfer of the foreclosure title to the bona fide purchaser after initiating the summary process proceedings. The bank moved for summary judgment, and the judge allowed the motion in a detailed memorandum of decision.

1. Standard of review. The plaintiff contends that the judge erred in granting summary judgment to the bank. "We review a decision on a motion for summary judgment de novo." Conservation Comm'n of Norton v. Pesa, 488 Mass. 325, 330 (2021) (Pesa). "Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Barbetti v. Stempniewicz, 490 Mass. 98, 107 (2022), quoting Pesa, supra. See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).

2. Implied covenant of good faith and fair dealing. The implied covenant provides that "neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (quotation omitted). Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471-472 (1991). The scope of the implied

4

covenant is "only as broad as the contract that governs the particular relationship," Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 385, cert. denied sub nom. Globe Newspaper Co. v. Ayash, 546 U.S. 927 (2005), and a violation of the implied covenant must involve the manner in which the contract is performed. See Ayash, supra; Uno Restaurants, Inc. v. Boston Kenmore Realty Corp., 441 Mass. 376, 385 (2004). Although "[t]he relationship between a borrower and lender does not give rise to a duty of care under Massachusetts law," mortgage holders have a duty to "act in good faith and must use reasonable diligence to protect the interests of the mortgagor in the context of an extrajudicial foreclosure and exercise of power of sale" (quotations and citations omitted). Santos v. U.S. Bank Nat'l Ass'n, 89 Mass. App. Ct. 687, 700-701 (2016). "Lenders also have a duty of good faith and fair dealing in the performance of their obligations under the mortgage." Id. at 701.

Here, the plaintiff claimed that the bank violated the implied covenant by wrongfully foreclosing on the property in September 2019 even though he had filed for a loan modification in response to the bank's preforeclosure notices. "[N]either the implied covenant nor the duties arising from foreclosure extends to preforeclosure loan modification processing where the mortgage loan documents do not themselves contemplate such

5

modifications." Santos, 89 Mass. App. Ct. at 701. In his decision, the judge found that the plaintiff's mortgage did not include any provision creating a "loan modification duty that the mortgagee owed to him." The judge further found that, in any event, "there is no evidence in the summary judgment record that [the bank] acted in bad faith or failed to deal fairly with [the plaintiff] with respect to his multiple loan modification applications over the nine-year period from 2010 to 2019." On appeal, the defendant does not contest the judge's findings or point to any evidence establishing a genuine issue of material fact as to his implied covenant claim. Accordingly, we affirm the entry of summary judgment on this claim.

3. Violation of G. L. c. 93A, § 9. In his amended complaint, the plaintiff claimed that the bank violated c. 93A by engaging in unfair acts and practices in connection with the foreclosure and sale of the property. On appeal, the plaintiff does not address the bases for the judge's grant of summary judgment on this claim. In particular, the plaintiff does not dispute that no loan modification application was pending when the bank foreclosed on the property in September 2019, or that the bank "evaluated and promptly addressed at least seven loan modification applications" filed by the plaintiff over the nine preceding years. Nor has the plaintiff identified any evidence in the summary judgment record showing that the bank acted in an

6

unfair or deceptive manner by selling the property to a third party following the foreclosure. Accordingly, summary judgment was proper on this claim as well.

4. Wrongful foreclosure. The plaintiff also asserted in his amended complaint a claim for wrongful foreclosure. In particular, the plaintiff claimed that he was entitled to damages as a result of the bank's alleged failure to show the chain of assignments of the mortgage at the time of foreclosure, its assignment of the note at the time of foreclosure, and its subsequent sale of the property to the third party.[2] The judge entered summary judgment on this claim after concluding, based on the undisputed facts in the record, that the bank "conducted the September 27, 2019 foreclosure sale of the property in strict compliance with the statutory power of sale and the provisions of G. L. c. 244, §§ 11-15."

_____

[2] Because the issue was not raised by the bank in its summary judgment motion or addressed by the judge in his decision, we do not address whether a plaintiff may pursue a claim for wrongful foreclosure where, as here, the bank transferred its title to a bona fide purchaser, the plaintiff has vacated the property, and the new owner has prevailed in a separate summary process action. See generally Duross v. Scudder Bay Capital, LLC, 96 Mass. App. Ct. 833, 840-841 (2020). This issue was not decided by the prior panel in this case, which noted that even though the Housing Court had jurisdiction over the plaintiff's counterclaims, it did not follow that those counterclaims would "necessarily, or even likely, survive a motion to dismiss or for summary judgment." Okanlawon, 101 Mass. App. Ct. 1125.

We reject the plaintiff's argument that genuine issues of material fact precluded summary judgment on this claim. In his brief, the plaintiff contends that his complaint "challenged and raised questions as to whether the [bank] both owned the promissory note . . . and had the original, wet-ink, note in its possession despite the [bank's] claims [emphasis omitted]." "When a motion for summary judgment is made and supported," however, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974). Nor were the conclusory statements and general denials included in the plaintiff's opposition or made by his counsel at the motion hearing sufficient to defeat summary judgment. See Madsen v. Erwin, 395 Mass. 715, 721 (1985). Rather, after the bank presented evidence, including the foreclosure deed and affidavit of sale, showing that the foreclosure sale was valid, the burden shifted to the plaintiff to demonstrate the existence of a genuine issue of material fact. See Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 642 (2012). Because the plaintiff did not present any competent evidence controverting the bank's prima facie case, summary judgment was correctly entered against him. Id. at 643.

8

5.  _Discovery order_.  The plaintiff also argues that, nearly a year before summary judgment entered, the judge improperly denied his requests for additional discovery and, postjudgment, approved his application for a waiver of fees and costs for only one of three requested transcripts.  Although the plaintiff did not cite the pertinent prejudgment discovery order in his notice of appeal, the appeal from the final judgment suffices to bring it before us.  See _Aiello_ v. _Aiello_, 447 Mass. 388, 398 (2006); _Roberson_ v. _Boston_, 19 Mass. App. Ct. 595, 597 (1985) (appeal from summary judgment "brings up with it the interlocutory order").

We see no abuse of discretion in the judge's rulings.  See _Commissioner of Revenue_ v. _Comcast Corp_., 453 Mass. 293, 302 (2009).  The undisputed record shows that the parties conducted substantial discovery even after the scheduled discovery deadline, and the plaintiff moved for a further extension of discovery less than a week before the deadline for filing of summary judgment motions.  Further, beyond referring generally to the "inadequacy of what was provided," the plaintiff does not explain how the additional discovery he was denied could have shed any light on his claims.  See _id_. (appellate court generally "uphold[s] discovery rulings unless the appellant can demonstrate an abuse of discretion that resulted in prejudicial error" [quotation and citation omitted]).  Similarly, the

9

plaintiff has not identified any prejudice that he suffered as the result of the judge's decision to waive fees and costs for the transcript of the hearing on the summary judgment motion, but not for two earlier hearings.

> _Judgment affirmed._
>
> _Order entered November 19, 2024, approving waiver of costs with respect to transcript dated January 16, 2024, affirmed._
>
> By the Court (Blake, C.J., Hand & Toone, JJ.[3]),
>
> _Paul Little_
>
> Clerk

Entered:   December 17, 2025.

---

[3] The panelists are listed in order of seniority.