NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-443

U.S. BANK, N.A., trustee,[1]

vs.

KEVIN LASHUA & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Kevin Lashua,[3] appeals from a grant of summary judgment in favor of the plaintiff, U.S. Bank, N.A., as trustee for Truman 2016 SC6 Title Trust (U.S. Bank/Truman Trust), in this summary process action.  Because there are no material facts in dispute, we affirm.

Background.  On September 24, 2004, the defendant and his wife, Virginia Lashua, executed a promissory note payable to Household Finance Corporation II (Household), secured by a

---

[1] Of the Truman 2016 SC6 Title Trust.

[2] Virginia Lashua.

[3] Despite being a party to the case below, Virginia Lashua did not file a notice of appeal.

mortgage on their property and residence located in Ashburnham, Massachusetts (property).  Household duly recorded the mortgage in the Worcester County registry of deeds.

On August 20, 2014, Household assigned the mortgage to U.S. Bank, N.A., as trustee for LSF8 Master Participation Trust (LSF8 Trust).  On October 15, 2021, LSF8 Trust assigned the mortgage to the plaintiff, U.S. Bank/Truman Trust, and the assignment was subsequently recorded in the Worcester County registry of deeds.

By February 2022, the defendant had been in default on the mortgage loan payment obligations for approximately nine years. On February 24, 2022, the plaintiff's loan servicer, Rushmore Loan Management Services LLC (Rushmore), sent the defendant and his wife notices regarding their right to cure the default within ninety days and their right to request a modified mortgage, in accordance with the mortgage's terms and G. L. c. 244, §§ 35A and 35B.

On October 13, 20, and 27, 2022, the plaintiff published notice of a foreclosure sale originally scheduled to be held on January 10, 2023.  Thereafter, on May 22, 2023, the plaintiff conducted a foreclosure sale of the property, where the plaintiff was the highest bidder.  The plaintiff executed and delivered a foreclosure deed to itself on June 16, 2023.

The defendant and his wife were served with a notice to quit and vacate the property on July 14, 2023. On August 21, 2023, the plaintiff commenced the present summary process action. In turn, the defendant filed an answer wherein he asserted, inter alia, that the plaintiff did not foreclose upon the property in strict compliance with G. L. c. 244, thereby giving the defendant a superior right to possession of the property.[4]

Both parties moved for summary judgment.[5] The judge allowed the plaintiff's motion for summary judgment and denied the defendant's cross motion for summary judgment. Accordingly, the judge entered judgment for possession in favor of the plaintiff. The defendant appeals.

---

[4] The defendant also asserted a counterclaim alleging that the plaintiff engaged in unfair and deceptive practices, in violation of G. L. c. 93A, by violating the automatic stay provision of the Bankruptcy Code. See 11 U.S.C. § 362.

[5] The defendant did not submit any affidavits in support of his cross motion for summary judgment or in opposition to the plaintiff's motion for summary judgment. Appended to his cross motion and opposition, the defendant submitted several exhibits, including a twenty-page "report" by William Paatalo regarding an "investigation" connected to an unrelated proceeding involving different parties and a property in Connecticut. The plaintiff moved to strike these exhibits as unauthenticated, inadmissible hearsay, not submitted in affidavit form. The judge allowed the motion to strike, and the defendant does not argue on appeal that the judge erred in this respect.

3

Discussion.  We review the judge's grant of summary judgment de novo.  See Galenski v. Erving, 471 Mass. 305, 307 (2015).  While we view the evidence in the light most favorable to the opposing party, "the opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment."  LaLonde v. Eissner, 405 Mass. 207, 209 (1989), citing Community Nat'l Bank v. Dawes, 369 Mass. 550, 554 (1976).

In a postforeclosure summary process case, a plaintiff "may make a prima facie showing of its right to possession by producing an attested copy of the recorded foreclosure deed and affidavit of sale under G. L. c. 244, § 15."  Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 637 (2012) (Hendricks).  Moreover, where, as here, the mortgage contains a power of sale, "[l]egal title is established in summary process by proof that the title was acquired strictly according to the power of sale provided in the mortgage; and that alone is subject to challenge."  Bank of N.Y. v. Bailey, 460 Mass. 327, 333 (2011), quoting Wayne Inv. Corp. v. Abbott, 350 Mass. 775, 775 (1966).

"If a plaintiff makes a prima facie case, it is then incumbent on a defendant to counter with his own affidavit or acceptable alternative demonstrating at least the existence of a genuine issue of material fact to avoid summary judgment. . . ."

4

Hendricks, 463 Mass. at 642.  "If a defendant fails to show the existence of a genuine issue of material fact in response to a motion for summary judgment by contesting factually a prima facie case of compliance with G. L. c. 244, § 14, such failure generally should result in judgment for the plaintiff."  Id.

Here, the plaintiff properly presented a prima facie case of its right to possession by providing the court with an attested copy of its recorded foreclosure deed and the statutory affidavit of sale.  See Hendricks, 463 Mass. at 637.  Additionally, the plaintiff submitted a detailed affidavit of continuing noteholder status and strict compliance with the mortgage terms.  See Pinti v. Emigrant Mtge. Co., 472 Mass. 226, 240 (2015) (foreclosing party must strictly comply with mortgage's power of sale provisions).  Thus, the burden shifted to the defendant to show a genuine issue of material fact regarding the plaintiff's right to possession.  See Hendricks, supra at 642.  Based on the summary judgment record, we agree with the judge that the defendant failed to meet this burden.

The defendant asserts several arguments on appeal, which we address in turn.  First, the defendant contends that the plaintiff lacked standing to foreclose upon the property because the plaintiff had no "financial stake" in the mortgage.  For support, the defendant points to a 2018 correspondence from a

U.S. Bank entity to an unidentified recipient wherein the author states, "the Trust is the owner of the mortgage and note, not the trustee or us in our individual capacity."[6]  The defendant argues that this statement, taken from an unauthenticated source, and unrelated to the parties, establishes that the plaintiff is not an "active trustee" and lacked standing to foreclose.  To the extent we can discern a legal argument, we disagree.  Pursuant to Eaton v. Federal Nat'l Mtge. Ass'n, 462 Mass. 569, 584-586 (2012), a foreclosing party must be both the mortgagee of record, and the holder of the underlying promissory note or the note holder's authorized agent.  Here, the plaintiff properly submitted a recorded affidavit, executed by an authorized agent of the plaintiff, which states that "the [f]oreclosing mortgagee was the holder of the promissory note secured by the . . . mortgage."  The defendant's argument, based primarily on a letter of no relevance to the subject mortgage, fails to establish a genuine issue of material fact whether the plaintiff was the mortgagee of record and the holder of the note.  See LaLonde, 405 Mass. at 209.

Next, the defendant alleges that he entered into a loan modification agreement with Caliber Home Loans, Inc. (Caliber),

_____

[6] The defendant also supports his argument by referring to the "report" authored by Paatalo, which was struck by the judge.

which the plaintiff -- and Rushmore as the plaintiff's loan servicer -- failed to honor as a matter of policy. To the extent that this claim is material to the question of whether the plaintiff has a superior right to possession, the defendant failed to produce or identify any evidence in the record that establishes the existence of a loan modification agreement with Caliber or payments made to Rushmore. Accordingly, we agree with the judge that the defendant failed to raise a genuine issue of material fact related to any loan modification agreement.

The defendant also alleges that LSF8 Trust never "held" the subject mortgage, thereby rendering LSF8 Trust's assignment of the mortgage to the plaintiff void. Again, the defendant failed to produce any evidence to dispute LSF8's assignment of the subject mortgage to the plaintiff, relied only on hypothetical argument, and thus, failed to raise an issue of material fact. In any event, we conclude, as a matter of law, that the defendant lacks standing to challenge the validity of LSF8's assignment to the plaintiff because any purported defect would render the assignment voidable between LSF8 and the plaintiff, not void. See Strawbridge v. Bank of N.Y. Mellon, 91 Mass. App. Ct. 827, 832 (2017) (former owner was without standing to challenge assignment where purported defect "would, at most,

7

only make the assignment voidable between the parties to the transaction, not void as a matter of law"); Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 502 (2014) ("[W]here the foreclosing entity has established that it validly holds the mortgage, a mortgagor in default has no legally cognizable stake in whether there otherwise might be latent defects in the assignment process").

The defendant also contends that, because there was no "marking on the photocopy [of the allonge] to indicate that it was ever permanently affixed to the mortgage note," a genuine issue of material fact was raised regarding its legitimacy, requiring the judge to hold an evidentiary hearing on the issue. General Laws c. 106, § 3-204 (a) provides that "for the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument." Thus, based on the statute's plain language, there is no requirement that the allonge be permanently affixed to the note, as the defendant insinuates. G. L. c. 106, § 3-204 (a). Moreover, the defendant again points to nothing in the record to support his claim that the plaintiff was not the rightful holder of the note. The plaintiff provided unchallenged evidence that it acquired the note and was the mortgage note's holder at all times pertinent to the foreclosure. The defendant submitted no

8

evidence to support his vague allegations, and we conclude that there is no genuine issue of material fact regarding the note's allonge.

Lastly, because the defendant advances no appellate argument as to his counterclaim alleging unfair and deceptive practices under G. L. c. 93A, we treat the issue as waived. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).[7],[8]

Judgment affirmed.

By the Court (Shin, Walsh &
  Allen, JJ.[9]),

Clerk

Entered: March 11, 2026.

---

[7] To the extent that we do not address the defendant's other contentions, we see nothing in them that warrants overturning the judgment. Those include the defendant's arguments that certain signatories of the allonge were "robo-signers," and that the plaintiff was required under the Uniform Commercial Code to detail the value given when the subject loan was assigned.

[8] The plaintiff has asked the court, in its discretion, to award attorney's fees, arguing that the defendant's claims are frivolous. The request is denied.

[9] The panelists are listed in order of seniority.